Fred Martin RAINEY *v.* STATE of Arkansas

CR 92-302                                                837 S.W.2d 453

Supreme Court of Arkansas
Opinion delivered September 21, 1992

*Gibbons Law Firm*, by: *David L. Gibbons*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Cathy Derden*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant, Fred Martin Rainey, was convicted of first degree murder in connection with the shooting death of Joetta Kirkpatrick. He was sentenced to

twenty years imprisonment. Rainey alleges error in the Trial Court's failure to instruct the jury on the lesser included offense of manslaughter. We hold there was a rational basis for the manslaughter instruction and reverse and remand.

Rainey, who was approximately 25, and Kirkpatrick, a middle-aged woman, had known each other for several years and had engaged in sexual intercourse on at least three occasions. On March 6, 1991, at approximately 7:00 p.m., Rainey went to visit Kirkpatrick at her house, carrying a loaded semi-automatic pistol. Rainey testified he carried the gun for protection. Testimony revealed that both Rainey and Kirkpatrick had been drinking that day, and Rainey had been smoking marijuana. Kirkpatrick let Rainey into her house through the side door, and he placed the pistol on the kitchen bar. They engaged in sexual intercourse in the bedroom.

Afterward, according to Rainey's testimony, they had a heated argument. Kirkpatrick told Rainey she was going to tell his wife about their affair and "ruin his family." She then got dressed and walked into the front room. Rainey presumed Kirkpatrick was getting a beer from the kitchen. The argument continued while Rainey was dressing in the bedroom. Rainey called Kirkpatrick an "old whore" and told her he was not going to see her anymore.

Upon walking into the front room, Rainey testified he saw Kirkpatrick pointing the pistol at him. He grabbed her hand, pointed the gun toward the ceiling, and a shot fired. Police later recovered a bullet from the ceiling. Rainey then took the gun away from Kirkpatrick and shot her four times in the head as she was falling to the floor. He testified that after the first shot he was so hysterical that he kept firing. The entire incident, according to Rainey, took one or two seconds.

Rainey admitted he did not shoot Kirkpatrick in self defense. He stated, "I just went hysterical," and "I was already mad and I just took the gun away from her and shot her." Rainey said he killed Kirkpatrick out of anger because she had threatened to tell his wife about their affair and had tried to shoot him.

The Trial Court instructed the jury on first and second degree murder but refused to instruct on manslaughter. In the

process of reaching the decision that a manslaughter instruction was unnecessary, the Court stated that the killing was not motivated by self defense and Rainey intended to kill the victim.

### a. Rational basis for manslaughter instruction

Rainey's proffered manslaughter instruction is based upon Ark. Code Ann. § 5-10-104(a) (1987) which provides in part:

(a) a person commits manslaughter if:

(1) He causes the death of another person under circumstances that would be murder, except that he causes the death under the influence of extreme emotional disturbance for which there is a reasonable excuse. The reasonableness of the excuse shall be determined from the viewpoint of a person in the defendant's situation under the circumstances as he believes them to be;

\*\*\*

(3) He recklessly causes the death of another person; . . . .

When there is a rational basis for a verdict acquitting a defendant of the offense charged and convicting him of an offense included in the offense charged, an instruction on the lesser included offense should be given, and it is reversible error to fail to give such an instruction when warranted. *Sanders* v. *State*, 305 Ark. 112, 805 S.W.2d 953 (1991); Ark. Code Ann. § 5-1-110(c) (1987). When there is the *slightest* evidence to warrant an instruction on a lesser included offense, it is error to refuse to give it. *See, e.g., Henson* v. *State*, 296 Ark. 472, 757 S.W.2d 560 (1988); *Robinson* v. *State*, 269 Ark. 90, 598 S.W.2d 421 (1980) (emphasis added).

In this case, there was evidence which would support a finding that, although Rainey admittedly purposely killed Kirkpatrick and thus committed what would otherwise have been murder, he did so under the influence of extreme emotional disturbance for which there was a reasonable excuse. The jury was presented with evidence that Kirkpatrick had attempted to kill Rainey just before he shot her. There was testimony that Kirkpatrick had threatened to tell Rainey's wife about his affair.

Rainey testified that at the time of the shooting he was "hysterical," "upset," and "mad." There was thus some evidence to support the manslaughter instruction.

In a recent case, *Frazier* v. *State*, 309 Ark. 228, 828 S.W.2d 838 (1992), Frazier admitted killing the victim but stated he did so because the victim teased him. The Trial Court denied Frazier's request for a manslaughter instruction, and we affirmed. There was no evidence that Frazier was acting under the influence of an extreme emotional disturbance. His irritation over being teased did not constitute evidence of an extreme emotional disturbance for which there was a reasonable excuse.

The *Frazier* case is readily distinguishable from this one. Here, evidence indicated that Rainey had been threatened with a gun before the killing occurred which, combined with the ongoing argument and the threat to ruin his family relationship, could well have been considered by the jury to have caused him to suffer extreme emotional distress, especially when viewed from his perspective as the statute requires. There is a substantial difference between the emotional effect of being teased and being threatened with a gun.

In *Wootton* v. *State*, 232 Ark. 300, 337 S.W.2d 651 (1960), quoting from *Clardy* v. *State*, 96 Ark. 52, 131 S.W. 46 (1910), the following *obiter dictum* appears:

> The passion that will reduce a homicide from murder to manslaughter may consist of anger or sudden resentment, or of fear or terror; but the passion springing from any of these causes will not alone reduce the grade of the homicide. There must also be a provocation which induced the passion, and which the law deems adequate to make the passion irresistible. An assault with violence upon another who acts under the influence thereof may be sufficient to arouse such passion.

Continuing, we stated that "mere threats or menaces, where the person killed was unarmed and neither committing nor attempting to commit violence on the defendant at the time of the killing, will not free him of the guilt of murder." On the other hand, we made it clear that adequate provocation can occur when the victim is armed or is attempting to commit violence toward the

defendant.

In *Collins* v. *State*, 102 Ark. 180, 143 S.W. 1075 (1912), we held the grade of a homicide may be reduced from murder to manslaughter by reason of a passion caused by a provocation sufficient to make the passion irresistible. We said "[i]t was perfectly proper to show that in a given case the passion did exist for the reason that it was induced by anger suddenly aroused, or by surprise, or by fear, or by terror." We find these older cases to be instructive and relevant regardless of the fact that they are couched in terms of the "heat of passion," Ark. Stat. Ann. § 41-2208 (Repl. 1964)(repealed), rather than the replacement language "extreme emotional distress" found in our current statute. *See also Wharton's Criminal Law* § 158 (1979) (stating an assault may constitute adequate provocation to reduce a killing to voluntary manslaughter); *LaFave & Scott Substantive Criminal Law* § 7.10(b)(3) (1986) (stating an unsuccessful attack on the defendant may constitute adequate provocation in extreme cases, such as where the attacker fires a pistol at him).

■ The jury was presented with evidence that Rainey shot Kirkpatrick while in a fit of anger aroused by being threatened with a gun. The jury could have believed that this anger provoked an extreme emotional disturbance for which there was a reasonable excuse, and thus it could have found Rainey guilty of manslaughter rather than murder in the first degree. A manslaughter instruction was warranted. No right has been more zealously protected by this Court than the right of an accused to have the jury instructed on lesser included offenses. *Robinson* v. *State, supra; Canton & Headley* v. *State*, 252 Ark. 420, 479 S.W.2d 537 (1972). Assuming that a killing described as manslaughter because of the "extreme emotional distress" is indeed a lesser offense included in first and second degree murder, there is no need in this case to depart from that tradition.

### b. The skip rule

■ A remaining issue is whether the Trial Court's failure to instruct on manslaughter was prejudicial. As a general rule, when the jury convicts a defendant of first degree murder, even though an instruction on the lesser included offense of second degree murder has been given, any error resulting from the failure to instruct on the still lesser included offense of man-

slaughter is cured. *See, e.g., Easter* v. *State,* 306 Ark. 615, 816 S.W.2d 602 (1991); *Taylor* v. *State,* 303 Ark. 586, 799 S.W.2d 519 (1990). This is commonly referred to as "the skip rule." When the jury convicts of a greater offense and "skips" a lesser included offense, there can be no error in failing to instruct on other even lesser included offenses.

Rainey argues the skip rule should only apply when the lesser included offense for which an instruction was denied refers to a mental state one step less culpable than the instructed offenses. In other words, the skip rule only applies when the instructed and non-instructed offenses are described in degrees of culpability, and the lesser are indeed "included" in those for which the punishment is greater.

No doubt we have applied the skip rule when a trial court failed to instruct the jury on manslaughter, and the jury returned a verdict of murder in the first degree, thereby skipping the lesser included offense of murder in the second degree. We have done so without reference to the type of manslaughter instruction involved or the mental state necessary for the offense. *See, e.g., Easter* v. *State, supra; Taylor* v. *State, supra.* Our opinions in those cases, however, do not show that the argument being made here was raised. This is our first opportunity to consider it.

Had Rainey requested an instruction asking the jury to consider whether he was guilty of "recklessly causing the death of another person," another offense included in the manslaughter statute, we would probably hold that the skip rule applied. That is so because recklessness is a less culpable mental state than purposefulness, and it fits within the chain. It is a truly lesser included offense. His argument is, however, that having requested an instruction based on purposely causing the death of another person "under the influence of extreme emotional disturbance," the skip rule does not apply. He confesses to having purposely killed the victim, but the manslaughter law, in one of its aspects, adds another element which does not fit in the chain—that of extreme emotional disturbance. One can kill purposely or knowingly, as in first and second degree murders, and yet be guilty only of manslaughter because of extreme emotional disturbance for which there is a reasonable excuse. We agree with this argument.

█ The rationale given in the cases which developed what we now refer to as "the skip rule" was that no prejudicial error results from failing to instruct the jury on a lesser included offense if the jury found a state of facts to which the instruction would be inapplicable. *Farris* v. *State*, 54 Ark. 4, 14, S.W. 924 (1890); *Jones* v. *State*, 102 Ark. 195, 143 S.W. 907 (1912); *Newsome* v. *State*, 214 Ark. 48, 214 S.W.2d 778 (1948). In other words, even if the lesser included offense instruction had been given, the jury would still have convicted the defendant of the greater offense.

█ The fact that the jury found Rainey guilty of first degree murder and skipped the lesser included offense of second degree murder does not necessarily mean they found a state of facts to which his requested manslaughter instruction would be inapplicable. Whether we say that manslaughter as defined in § 5-10-104(a)(1) is not a lesser included offense in first and second degree murder because it adds an element or conclude that there is an exception to the skip rule, the result is the same. The evidence before the court entitled Rainey to the manslaughter instruction. The jury could have found that although Rainey purposely killed Kirkpatrick, he did so under the influence of extreme emotional disturbance for which there was a reasonable excuse. The failure to give the jury the opportunity to consider the manslaughter instruction, which we conclude to have been justified by the evidence, was thus prejudicial.

Reversed and remanded.

BROWN J., concurs. *See Easter* v. *State*, 306 Ark. 615, 816 S.W.2d 602 (1991).