375 Ark. 318

**Jonathan Lapresse STEVENSON, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CR 08–1388.**

Supreme Court of Arkansas.

Dec. 19, 2008.

Teresa Bloodman, Little Rock, AR, for appellant.

No response.

MOTION FOR RULE ON THE CLERK

PER CURIAM.

Attorney Teresa Bloodman filed a motion for rule on clerk, and amended motion for rule on clerk, on behalf of her client Jonathon Laprese Stevenson seeking an order of this court that the clerk lodge and docket the appeal in this case. The clerk refused to docket the appeal based on an untimely notice of appeal. We treat this as a motion for belated appeal and grant the motion.

Stevenson's judgment and commitment order was filed on December 13, 2007. Stevenson filed a motion for new trial on January 7, 2008, an amended motion for new trial on January 14, 2008, and a second amended motion for new trial on May 14, 2008. His initial motion filed January 7, 2008, and the amended motion filed January 14, 2008, were timely under Arkansas Rule of Criminal Procedure 33.3(b) as posttrial motions filed within thirty days after the date of entry of judgment. The second amended motion for new trial was not timely as it was not filed within thirty days after the date of entry of judgment.

Under Arkansas Rule of Criminal Procedure Rule 33.3(c), a posttrial motion is deemed denied thirty days after the motion is filed if the circuit court neither grants nor denies the motion. Because it was untimely, the second amended motion for new trial did not extend the thirty days of Rule 33.3(c) after which the motion for

new trial was deemed denied. The January 14, 2008 amended motion, as the last timely motion, was deemed denied on February 13, 2008. Pursuant to Arkansas Rule of Appellate Procedure–Criminal 2(a)(3), Stevenson had thirty days from the February 13, 2008 date on which his amended motion for new trial was deemed denied within which to file his notice of appeal. No notice of appeal was ever filed on the judgment and commitment order.

■ On November 12, 2008, an Amended Judgment and Commitment Order was entered and Stevenson filed a notice of appeal from that amended judgment on November 18, 2008. Assuming there was a motion to amend the judgment, it would have been a posttrial motion for relief, and if by filing it Stevenson wished to extend the time within which to file his notice of appeal, it had to be filed within thirty days of entry of the judgment and commitment order. *See Hadley v. State,* 321 Ark. 499, 902 S.W.2d 231 (1995). Nothing in the record reflects that a motion to amend the judgment was filed or that it was timely filed. It is the appellant's duty to bring before this court a record sufficient to decide the issue presented. *See, e.g., Smith v. State,* 343 Ark. 552, 39 S.W.3d 739 (2001). If there was a motion to amend the judgment, it was not a timely posttrial motion. Pursuant to Arkansas Rule of Appellate Procedure—Civil 5, the record was untimely when there was no timely notice of appeal to the judgment and commitment order. The notice of appeal filed on November 18, 2008 was a nullity.

■ Stevenson filed a motion for rule on the clerk; however, counsel's failure to comply with the rules of this court and file a timely notice of appeal is apparent. As we have noted, there are only two possible reasons for an appeal not being timely perfected: either the party or attorney filing the appeal is at fault, or there is "good reason." *See McDonald v. State,* 356 Ark. 106, 146 S.W.3d 883 (2004). As we further noted in *McDonald,* there is no advantage in declining to admit fault where fault exists and when it is plain from the motion, affidavits, and record that relief is proper under either error or good reason, the relief will be granted. *Id.* If there is attorney error, a copy of the opinion will be forwarded to the Committee on Professional Conduct. *Id.* Pursuant to *McDonald, supra,* we grant this as a motion for belated appeal. We also forward a copy of this opinion to the Committee on Professional Conduct.