2013 Ark. 204

**Sean FINCHAM, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CR 12–638.**

Supreme Court of Arkansas.

May 16, 2013.

---

Dan Hancock, Public Defender, by: Clint Miller, Deputy Public Defender, for appellant.

Dustin McDaniel, Att'y Gen., by: Kent G. Holt, Ass't Att'y Gen., for appellee.

CLIFF HOOFMAN, Justice.

A Pulaski County jury found appellant Sean Fincham guilty of first-degree murder and abuse of a corpse in connection with the death of his grandfather, Dennie Gregory. Because he was sentenced to life imprisonment, our jurisdiction is pursuant to Arkansas Supreme Court Rule 1–2(a)(2) (2012). For his sole argument on appeal, Fincham asserts that the circuit court erred in refusing his proffered alternative instruction to AMI Crim.2d 301, which he maintains would have allowed the jury to consider the lesser charge of extreme-emotional-disturbance manslaughter without first "acquitting" him of murder. We find merit in Fincham's argument and reverse and remand.

The relevant facts are these. Prior to submission of the case to the jury, the parties and the court took up jury instructions. It was agreed that the jury would be instructed on the charged offense of first-degree murder, as well as the lesser offenses of second-degree murder and extreme-emotional-disturbance manslaughter. The State submitted the standard AMI Crim.2d 301 instruction (hereinafter referred to as "AMCI 301"), the introductory instruction on lesser-included offenses, which reads as follows:

> Sean Fincham is charged with Murder in the First Degree. This charge includes the lesser offenses of Murder in the Second Degree and Manslaughter. You may find the defendant guilty of one of these offenses or you may acquit him outright.
>
> If you have a reasonable doubt of the guilt of the defendant on the greater offense, you may find him guilty only of the lesser offense. If you have a reasonable doubt as to the defendant's guilt of all offenses, you must find him not guilty.

Fincham's defense counsel proffered an alternative instruction for AMCI 301 and asserted that it was error for the circuit court to give the standard instruction because it would require the jury to "acquit" Fincham of first-degree and second-degree murder prior to considering whether Fincham was guilty of manslaughter. He argued that because extreme-emotional-disturbance manslaughter required a finding that the defendant had committed a mur-

der, the jury would never consider the offense of manslaughter if it was instructed to move to manslaughter only if it found reasonable doubt on the greater offense. The instruction proffered by Fincham eliminated the second paragraph of the standard instruction.

The jury in this case was also given transitional instructions between each offense that stated, "If you have reasonable doubt of the defendant's guilt on the charge of Murder in the First Degree, you will then consider the charge of Murder in the Second Degree" and "[i]f you have reasonable doubt of the defendant's guilt on the charge of Murder in the Second Degree, you will then consider the charge of Manslaughter." AMI Crim.2d 302 (hereinafter referred to as "AMCI 302").

Thereafter, the jury returned a verdict of guilty on both first-degree murder and abuse ₃of a corpse. The sentencing order was entered on March 19, 2012, and Fincham filed a timely notice of appeal.

On appeal, Fincham argues that the circuit court should have granted his request for the jury to be instructed with his proffered instruction because the standard instruction did not accurately state the law. Specifically, Fincham claims that the "acquit first" jury instructions for lesser-included offenses prohibited the jury from considering whether he was guilty of manslaughter if they found him guilty of having committed either first-degree or second-degree murder. Fincham maintains that because extreme-emotional-disturbance manslaughter is not a true lesser-included offense of murder—rather, the jury must find guilt as to murder to find a defendant guilty of manslaughter—the way the jury was instructed in this case prevented it from properly considering manslaughter.

In response, the State contends that Fincham failed to preserve his argument

on appeal because defense counsel objected and made a proffer only as to AMCI 301 and failed to object or proffer as to the transitional instructions in AMCI 302. Alternatively, the State argues that this court should reject Fincham's argument on the merits because the instructions as given did not prevent the jury from considering all of the law and all of the facts presented. Specifically, the State cites *Blueford v. Arkansas*, — U.S. —, 132 S.Ct. 2044, 182 L.Ed.2d 937 (2012), for the proposition that a jury may reconsider a greater offense even after considering a lesser offense and that neither AMCI 301 nor AMCI 302 requires the jury to acquit a defendant before considering a lesser. The State also argues that Fincham's defense counsel explained to the jury during closing argument that it could consider manslaughter. Finally, the State maintains that ₄if this court finds merit to Fincham's contention, any error was harmless because the facts of this case did not support a rational basis for giving the manslaughter instruction.

Turning first to the issue of preservation, it is true that an appellant is bound by the scope and nature of his arguments made at trial. *See Stewart v. State*, 2012 Ark. 349, 423 S.W.3d 69. This court has repeatedly stated that it is the appellant's duty to present to this court a record sufficient to show that the circuit judge erred below. *See, e.g., Stevenson v. State*, 375 Ark. 318, 290 S.W.3d 5 (2008). To preserve an objection to the circuit court's failure to give an instruction, the appellant must make a proffer of the proposed instruction to the judge. *Stewart v. State*, 316 Ark. 153, 870 S.W.2d 752 (1994). That proffered instruction must then be included in the record to enable the appellate court to consider it. *Id.*

Although the State is correct that Fincham failed to make a specific objection

below to AMCI 302, we are satisfied that he did properly preserve his argument as it relates to AMCI 301. It is clear from the record that the circuit court was fully apprised of the argument Fincham makes on appeal—that instructing the jury pursuant to the standard introductory instruction on lesser-included offenses provided by AMCI 301 would prohibit the jury from considering manslaughter unless it were to find that there was reasonable doubt on the greater offense of first-degree murder—and that the circuit court rejected that argument. Moreover, Fincham proffered an alternative instruction for AMCI 301, and that proffer is part of the record on appeal. Therefore, we consider the merits of his contention.[1]

▮ Our case law is clear that a party is entitled to a jury instruction when it is a correct statement of law and when there is some basis in the evidence to support giving the instruction. *Wilson v. State*, 364 Ark. 550, 222 S.W.3d 171 (2006). Moreover, a trial court is required to give a jury instruction if there is some evidence to support it. *Id.* A trial court should not use a non-model instruction unless it finds that the model instruction does not accurately reflect the law. *Id.* In determining if the circuit court erred in refusing an instruction in a criminal trial, the test is whether the omission infects the entire trial such that the resulting conviction violates due process. *Gilcrease v. State*, 2009 Ark. 298, 318 S.W.3d 70; *Hickman v. State*, 372 Ark. 438, 277 S.W.3d 217 (2008); *Henderson v. State*, 349 Ark. 701, 80 S.W.3d 374 (2002).

In this case, the circuit court gave the standard AMCI 301 instruction over Fincham's objection and proffer. Thus, we are faced with the question of whether, as Fincham submits, AMCI 301 forecloses a jury from considering extreme-emotional-disturbance manslaughter unless the jury has reasonable doubt on first-degree murder. We conclude that it does.

To prove first-degree murder, the State had to show that Fincham purposely caused the death of Gregory. Ark.Code Ann. § 5–10–102(a)(2) (Repl.2006). Second-degree murder required proof that Fincham knowingly caused the death of Gregory under circumstances manifesting extreme indifference to the value of human life. Ark.Code Ann. § 5–10–103(a)(1) (Repl.2006). To prove manslaughter, the State had to establish that Fincham caused Gregory's death under circumstances that would be murder *except that he caused the death under the influence of an extreme emotional disturbance for which there was a reasonable cause.* Ark.Code Ann. § 5–10–104(a)(1)(A) (Supp.2011) (emphasis added).

▮ As we explained in *Rainey v. State*, 310 Ark. 419, 837 S.W.2d 453 (1992), manslaughter adds another element to first-degree and second-degree murder—the requirement that the defendant be acting under an extreme emotional disturbance. "One can kill purposely or knowingly, as in first and second degree murders, and yet be guilty only of manslaughter because of extreme emotional disturbance for which there is a reasonable excuse." *Id.* at 425, 837 S.W.2d at 457. In *Rainey*, the jury found the defendant guilty of first-degree murder, and Rainey appealed, arguing that the circuit court abused its discretion in not giving a manslaughter instruction. We agreed and

---

1. We are also mindful of our obligation pursuant to Rule 4–3(i) of the Rules of the Arkansas Supreme Court, which requires this court to consider all errors prejudicial to the appellant.

declined to apply the "skip rule"[2] because of the unique properties of the offense of extreme-emotional-disturbance manslaughter—the jury could decide that the defendant killed purposefully but did so under the influence of an extreme emotional disturbance. We acknowledged that extreme-emotional-disturbance manslaughter was not a traditional lesser-included offense because, instead of having a less-culpable mental state, it adds an element. We held that the failure to give the jury the opportunity to consider the manslaughter instruction, which was justified by the evidence, was prejudicial.

The introductory instruction given in this case, AMCI 301, informs the jury of the greater offense charged and any lesser-included offenses and states that a jury can find the defendant guilty of one of the offenses or acquit him or her outright. Fincham's proffered instruction stopped there so that the jury could weigh and consider first-degree murder and manslaughter independently. However, the standard instruction adds that if the jury has a reasonable doubt of the guilt of the defendant on the greater offense, it may find him guilty only of the lesser offense. If it has reasonable doubt as to all offenses, it must find the defendant not guilty. The jury is thus required to consider the greater offense first and move onto a lesser offense if the jury has a reasonable doubt as to the greater offense. *See Hughes v. State*, 347 Ark. 696, 66 S.W.3d 645 (2002) (noting that before a jury may consider any lesser-included offense, it must first determine that the proof is insufficient to convict on the greater offense).

As a result of giving AMCI 301 in Fincham's case, the jury was instructed not to consider the lesser-included offense of extreme-emotional-disturbance manslaughter unless it first found reasonable doubt as to first-degree murder. Yet, Fincham could only be found guilty of manslaughter if the jury had first found him guilty of murder. The jury was thus placed in an impossible scenario—it was instructed not to consider the offense of manslaughter unless it had reasonable doubt as to murder, but it was also instructed not to find guilt on manslaughter unless Fincham had committed a murder. In *Rainey*, this court reversed a first-degree-murder conviction where the circuit court failed to give the extreme-emotional-disturbance manslaughter instruction as a lesser offense. Here, the circuit court gave the instruction for extreme-emotional-disturbance manslaughter, but it directed the jury during closing instructions to disregard it unless it found reasonable doubt on first-degree murder. The error, however, is the same—the jury was not instructed so that it would consider whether the defendant committed murder under the influence of an extreme emotional disturbance.

We are convinced that, as to the lesser-included offense of extreme-emotional-disturbance manslaughter, AMCI 301 does not accurately state the law because it instructs the jury to consider manslaughter only if it has reasonable doubt as to the greater offense. Instead, the jury should have been instructed to consider manslaughter after it found Fincham guilty of murder. Consequently, it was error for the jury in this case to be instructed pursuant to the standard AMCI 301, and this error prevented the jury from considering

**2.** "As a general rule, when the jury convicts a defendant of first degree murder, even though an instruction on the lesser included offense of second degree murder has been given, any error resulting from the failure to instruct on the still lesser included offense of manslaughter is cured. This is commonly referred to as 'the skip rule.'" *Rainey*, 310 Ark. at 424–25, 837 S.W.2d at 456.

the lesser offense of manslaughter, thereby depriving Fincham of due process. *See Gilcrease, supra; Hickman, supra; Henderson, supra.*

Further, we are not persuaded by the State's citation to *Blueford v. Arkansas,* — U.S. ——, 132 S.Ct. 2044, 182 L.Ed.2d 937 (2012), for the proposition that any determination of error on our part would require speculation. In fact, we determine that the opposite is true—reliance on *Blueford* would require this court to speculate as to this jury's deliberations. More importantly, *Blueford,* which concerned the finality of a jury's verdict for purposes of the Double Jeopardy Clause, is clearly distinguishable from the present case.

In *Blueford,* the jurors sent a note to the court during deliberations stating that they were deadlocked. After inquiry, the jury foreperson announced in open court that they were unanimous against both capital murder and first-degree murder but could not agree on manslaughter. The jury was sent back to continue deliberating, but eventually, the court declared a mistrial. The United States Supreme Court held that double jeopardy did not bar retrial on the greater offenses where the jury's verdict as to those offenses was not final. The State is correct that the Court discussed the possibility that an Arkansas jury could find reasonable doubt on a greater offense, move then to consideration of a lesser offense as required by our jury instructions, and then *reconsider* guilt as to the greater offense. However, that discussion was pertinent to whether the jury foreperson's report served as an acquittal of the greater offense for double-jeopardy purposes.

In the present case, we have a final verdict—guilt on first-degree murder. Moreover, Fincham's jury was instructed not to consider manslaughter unless it had found reasonable doubt as to the greater

offense of first-degree murder. Because we are required to presume that a jury follows the court's instructions, *Kelly v. State,* 350 Ark. 238, 85 S.W.3d 893 (2002); *State v. Robbins,* 342 Ark. 262, 27 S.W.3d 419 (2000), there is no need for this court to engage in conjecture as to how this jury reached its verdict. We must presume that it followed instructions and stopped deliberating once it found guilt as to the greater offense of first-degree murder.

■ Likewise, we reject the State's argument that defense counsel had the opportunity during closing argument to explain to the jury that it could consider whether there was evidence to support extreme-emotional-disturbance manslaughter. Importantly, the jury in this case was instructed pursuant to AMI 2d Crim. 101, which provides that it is the judge's duty to inform the jury of the applicable law and that it is the jury's duty to "accept and follow [the instructions] as a whole" and not to consider any rule of law outside of the instructions. It also informs the jury that closing arguments are not evidence and are only "to help you in understanding the evidence and applicable law." It is the court's duty to instruct the jury on the applicable law, and argument of counsel cannot substitute for proper instructions by the judge. *Taylor v. Kentucky,* 436 U.S. 478, 98 S.Ct. 1930, 56 L.Ed.2d 468 (1978); *see also Brown v. Payton,* 544 U.S. 133, 146, 125 S.Ct. 1432, 161 L.Ed.2d 334 (2005) (noting that "the judge is ... the one responsible for instructing the jury on the law, a responsibility that may not be abdicated to counsel"); *Boyde v. California,* 494 U.S. 370, 384, 110 S.Ct. 1190, 108 L.Ed.2d 316 (1990) (recognizing that arguments of counsel, likely viewed as statements of advocates, carry less weight with a jury than do instructions from the court, which are definitive and binding statements of the law).

Alternatively, the State maintains that, even if the circuit court erred in giving AMCI 301 in this case, any error was harmless because there was no rational basis for giving the manslaughter instruction. We disagree.

We have stated repeatedly that it is reversible error to refuse to instruct on a lesser-included offense when there is the slightest evidence to support the instruction. *See, e.g., Boyle v. State,* 363 Ark. 356, 214 S.W.3d 250 (2005); *Flowers v. State,* 362 Ark. 193, 213, 208 S.W.3d 113, 128 (2005). We have also held that in order for a jury to be instructed on extreme-emotional-disturbance manslaughter, there must be evidence that the defendant killed the victim in the moment following some kind of provocation, such as "physical ⌐₁₁⌐fighting, a threat, or a brandished weapon." *Kail v. State,* 341 Ark. 89, 94, 14 S.W.3d 878, 881 (2000); *see also Spann v. State,* 328 Ark. 509, 944 S.W.2d 537 (1997). Passion alone will not reduce a homicide from murder to manslaughter. *Spann,* 328 Ark. at 514, 944 S.W.2d at 540.

Notably, the record does not reflect any objection on behalf of the State to the giving of the manslaughter instruction. At trial, the medical examiner testified that Gregory had died from multiple blunt-force and sharp-force injuries and that there was evidence of postmortem genital mutilation. In his own defense, Fincham testified that he had been molested as a child by Gregory; that on the evening in question the two were alone in Gregory's trailer; that the two began arguing after Fincham discovered that Gregory was molesting Fincham's two children; that Gregory "picked something up from behind [a shelf] and came towards" Fincham; and that Fincham snatched the item from Gregory and killed him. Fincham noted that the last thing he remembered was

that he hit Gregory; the next thing Fincham remembered was standing there with Gregory dead. State witnesses provided testimony that both corroborated and contradicted Fincham's version of events. We decline, on these facts, to conclude that the circuit court was without a rational basis for giving the manslaughter instruction.

In light of this decision, we urge the Committee on Criminal Jury Instructions to consider revising the instructions relating to lesser-included offenses so that juries may be instructed properly when considering extreme-emotional-disturbance manslaughter.

As required under Arkansas Supreme Court Rule 4–3(i), the record has been examined ⌐₁₂⌐for all objections, motions, and requests made by either party that were decided adversely to appellant, and no other prejudicial error has been found.

Reversed and remanded.

DANIELSON and BAKER, JJ., dissent.

KAREN R. BAKER, Justice, dissenting.

The majority holds that the circuit court abused its discretion in giving a standard Arkansas Model Jury Instructions–Criminal instruction, even though that instruction is a correct statement of the law. In so holding, the majority indicates that a non-model jury instruction should have been given, even though that non-model instruction would not have cured the alleged error. Moreover, no error was committed by giving the model instruction. Thus, I respectfully dissent.

Fincham objected to the last two sentences of AMI Crim.2d 301, which state:

> If you have reasonable doubt of the guilt of the defendant on the greater offense, you may find him guilty only of the lesser offense. If you have a reasonable doubt as to the defendant's guilt of all

the offenses, you must find him not guilty.

Fincham proffered a non-model jury instruction omitting these two sentences.

Non-model jury instructions are to be given only when the circuit court finds that the model instructions do not accurately state the law or do not contain a necessary instruction on the subject at hand. *Strain v. State*, 2012 Ark. 184, 5, 423 S.W.3d 1. The two omitted sentences, however, accurately state the law. Ark.Code Ann. § 16–89–126(e)(3) (Repl.2005) ("Where there is a reasonable doubt of the degree of the offense which the defendant has committed, he or she shall be convicted only of the lower degree."); Ark.Code Ann. § 16–89–126(g) ("When there is a reasonable doubt of the defendant's guilt upon the testimony in the whole case, he or she is entitled to an acquittal.").

Further, omission of the two sentences does not address the alleged error. The majority holds that, according to the instruction, the jury was "thus required to consider the greater offense first and move onto a lesser offense if the jury had a reasonable doubt as to the greater offense." The majority's interpretation is clearly wrong because these two sentences do not speak to the order of consideration of the offenses. The removal of the two sentences, as Fincham requested, would not have cured the defect Fincham alleges. Fincham might have made the point he now makes if he had challenged at trial and proffered an alternative to AMI Crim.2d 302. That transitional instruction provides: "If you have reasonable doubt of the defendant's guilt on the charge of ____, you will then consider the charge of ____." The transitional instruction—not the two sentences omitted above—is the instruction that addresses the order of consideration of the offenses. However, Fincham failed to proffer an alternative instruction for AMI Crim. 2d 302, which was required

for an appeal on this issue. *Boldin v. State*, 373 Ark. 295, 283 S.W.3d 565 (2008).

Finally, as to the merits of Fincham's argument, despite Fincham's argument that the jury was precluded from considering the offense of manslaughter, the jury was instructed in open court as to all of the offenses and specifically instructed to consider the instructions as a whole, not singling out one instruction to the exclusion of others. Jurors are presumed to comprehend and follow court instructions. *Kelly v. State*, 350 Ark. 238, 242, 85 S.W.3d 893, 895 (2002). The jury would have heard in open court the entirety of the instructions, including the instruction on extreme-emotional-disturbance manslaughter, and proceeded accordingly. Further, instructions are to be read together to ascertain whether the whole law of the case is correctly declared, and are to be reasonably interpreted. *Peters v. State*, 248 Ark. 134, 139, 450 S.W.2d 276, 279 (1970). Taken as a whole, the instructions in Fincham's case accurately set out the whole law of the case, and presumably, the jury followed them.

Accordingly, I dissent.

DANIELSON, J., joins this dissent.