

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–13–840

| | | |
|---|---|---|
| | | **Opinion Delivered** May 14, 2014 |
| BRIAN ELAM SIMS | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION |
| V. | | [NO. 60CR-12-263] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE HERBERT WRIGHT, JUDGE |
| | | AFFIRMED |

**WAYMOND M. BROWN, Judge**

Appellant Brian Sims appeals from an order of the Pulaski County Circuit Court convicting him of first-degree murder, aggravated assault, and second-degree battery. Sims was sentenced to an aggregate term of thirty-three years' imprisonment.[1] Sims's sole argument on appeal is that the trial court erred in delegating the *Fincham* issue to counsel, instead of properly instructing the jury on extreme-emotional-disturbance manslaughter.[2] We affirm.

---

[1]Sims received thirty years for first-degree murder and three years for both aggravated assault and second-degree battery. Sims's aggravated assault and second-degree battery convictions were concurrent to each other, but they were consecutive to his first-degree murder conviction.

[2]Sims does not challenge his convictions for aggravated assault and second-degree battery.

Sims was charged with killing Robert Cauley outside of the Rock City Lounge on September 25, 2011. His jury trial took place June 25–26, 2013. Prior to instructing the jury, there was a jury-instruction conference held. During this conference, the parties agreed that *Fincham v. State*[3] required eliminating the second paragraph of the standard AMI Crim.2d 301 (hereinafter referred to as "AMCI 301").[4] The court stated that it was counsel's burden to explain to the jury that it must first find Sims guilty of either first- or second-degree murder before considering extreme-emotional-disturbance manslaughter.[5] The jury received AMCI 301, minus the second paragraph, as agreed to by the parties. The court also changed the transitional instruction, AMI Crim.2d 302 (hereinafter referred to as "AMCI 302"), between murder in the second degree and manslaughter to read: "If you find Brian Sims

---

[3]2013 Ark. 204, ___ S.W.3d ___. The *Fincham* court found that as a result of the standard AMCI 301, the jury was placed in an impossible scenario, because it was instructed not to consider the lesser-included offense of extreme-emotional-disturbance-manslaughter unless it first found reasonable doubt as to first-degree murder, but it was also instructed not to find guilt on manslaughter unless Fincham had committed a murder.

[4]AMCI 301, the standard instruction on lesser-included offenses, states:

[Defendant] is charged with Murder in the First Degree. This charge includes the lesser offenses of Murder in the Second Degree and Manslaughter. You may find the defendant guilty of one of these offenses or you may acquit him outright.

If you have reasonable doubt of the guilt of the defendant on the greater offense, you may find him guilty only of the lesser offense. If you have a reasonable doubt as to the defendant's guilt of all offenses, you must find him not guilty.

[5]A person commits extreme-emotional-disturbance manslaughter if that person causes the death of another person under circumstances that would be murder, except that he or she causes the death under the influence of extreme emotional disturbance for which there is a reasonable excuse. Ark. Code Ann. § 5-10-104 (a)(1)(A) (Repl. 2013).

SLIP OPINION

guilty of first degree murder or second degree murder, you will then consider the charge of manslaughter."

During closing argument, the State stated:

Now, we talked a little bit about the step-downs, and it gets a little bit confusing when we talk about manslaughter. You've been given an instruction on manslaughter, which the Defendant wants you to consider. Okay?

To sustain this charge, it must be proven that Brian Sims caused the death under circumstances that would be murder. That's why you got this instruction. That you do not consider this at all until you believe he committed murder, either murder in the first degree or murder in the second degree. And at this point they want you to make the choice that this is the instruction, [sic] is what you should find him guilty of.

Now, it says circumstances that would be murder, except that he caused the death under the influence of extreme emotional disturbance. This manslaughter definition, it's kind of strange getting there, but it's an old doctrine in our law. It's the heat of passion. Okay? And that's what it's borne out of. And the heat of passion scenarios are typically . . . something along the lines of a man walks in on his wife cheating on him, and in this extreme emotional situation he kills his wife and the man that was cheating [with her]. Okay?

You have been given no evidence whatsoever that he was under any kind of extreme emotional disturbance here. You need to toss this out. This is not what happened. What happened was, this man murdered Robert Cauley.

The jury subsequently found Sims guilty of first-degree murder. They recommended that he be sentenced to thirty years' imprisonment for Cauley's death. The sentencing order filed on July 2, 2013, reflected that Sims received a thirty-year sentence for killing Cauley. Sims filed a timely notice of appeal on July 12, 2013.

Sims contends that it was reversible error for the court to delegate the *Fincham* issue to counsel. The State argues, and Sims concedes, that Sims did not object below to the instructions. However, citing the third *Wicks* exception, Sims maintains that his argument

SLIP OPINION

should be addressed because the error was so flagrant and highly prejudicial in character that the trial court should have intervened on its own motion to correct the error.[6] Sims argues that it was the court's duty to instruct the jury on the applicable law, and that argument of counsel cannot substitute for proper instructions by the judge. Sims is correct. However, in this case, it was the court that instructed the jury on the applicable law. The court also instructed the jury that closing arguments were not evidence but were made only to help them understand the evidence and applicable law.

In *Lard v. State*,[7] the supreme court explained that it is clear that the *Wicks* exceptions are to be rarely applied and that "the third exception is limited to only those errors affecting the very structure of the criminal trial, such as the fundamental right to a trial by jury, the presumption of innocence, and the State's burden of proof."[8] The court did not delegate its duty to instruct the jury to counsel as Sims alleges on appeal. It was the court, not counsel, that gave the jury the agreed upon instructions. Sims's alleged error is not covered under *Wicks*. Therefore, it was Sims's responsibility to object to any perceived error below. Because Sims failed to object below, his argument is not preserved for appeal. It is well settled that our appellate court will not consider arguments raised for the first time on appeal.[9] Accordingly, we affirm.

---

[6] *Wicks v. State*, 270 Ark. 781, 606 S.W.2d 366 (1980).

[7] 2014 Ark. 1, ___ S.W.3d ___.

[8] *Id.*

[9] *Dowty v. State*, 363 Ark. 1, 210 S.W.3d 850 (2005).

Affirmed.

WALMSLEY and WOOD, JJ., agree.

*Jeff Rosenzweig*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Rachel H. Kemp*, Ass't Att'y Gen., for appellee.