SLIP OPINION

Cite as 2016 Ark. 156

# SUPREME COURT OF ARKANSAS

No. CR–15–68

| | |
|---|---|
| LATAVIOUS D. JOHNSON<br>APPELLANT | **Opinion Delivered** April 14, 2016 |
| V. | APPEAL FROM THE LEE COUNTY CIRCUIT COURT<br>[NO. 39CR-2012-32] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE L.T. SIMES II, JUDGE<br><br>AFFIRMED. |

**PAUL E. DANIELSON, Associate Justice**

Appellant Latavious D. Johnson was convicted by a Lee County jury of the capital murder of Barbara A. Ester and sentenced to death. Because the death penalty was imposed in this case, our jurisdiction is pursuant to Arkansas Supreme Court Rule 1–2(a)(2) (2015). Johnson raises the following points on appeal: (1) the circuit court erred in denying a jury instruction on the extreme-emotional-disturbance formulation of manslaughter pursuant to Arkansas Code Annotated section 5-10-104(a)(1) (Repl. 2013); and (2) the circuit court erred in refusing to grant access to certain Arkansas Department of Correction ("ADC") records. Johnson also discusses other objections made at trial, although he does not ask for reversal on these points. We have reviewed the record and Johnson's arguments on appeal, find no error, and affirm.

On January 20, 2012, Barbara Ester, a correctional officer at the East Arkansas Regional Unit, approached Johnson, an inmate, about wearing contraband shoes. Johnson

SLIP OPINION

told Officer Ester that the shoes were not contraband. Officer Ester left and came back with Lieutenant Steven Lane. The officers attempted to confiscate the shoes. Johnson then stabbed Officer Ester with a "shank" three times. Officer Ester was taken to the hospital where she died.

At the time of the stabbing, Johnson was serving a life sentence for murder in the first degree. Johnson was charged with the capital murder of Officer Ester pursuant to Arkansas Code Annotated section 5-10-101. During his trial in the Lee County Circuit Court, Johnson testified on his own behalf. During his testimony, he admitted stabbing Officer Ester but denied any intent to kill her. The jury convicted Johnson of capital murder and sentenced him to death. Because he was sentenced to death, the circuit court ordered the circuit clerk to file a notice of appeal on Johnson's behalf pursuant to Arkansas Rule of Appellate Procedure–Criminal 10(a).

## I. *Manslaughter Instruction*

For his first point on appeal, Johnson argues that the circuit court erred in denying an instruction on the extreme-emotional-disturbance formulation of manslaughter pursuant to Arkansas Code Annotated section 5-10-104(a)(1), which states in pertinent part:

(a) A person commits manslaughter if:

(1)(A) The person causes the death of another person under circumstances that would be murder, except that he or she causes the death under the influence of extreme emotional disturbance for which there is reasonable excuse.

(B) The reasonableness of the excuse is determined from the viewpoint of a person in the actor's situation under the circumstances as the actor believed them to be.

SLIP OPINION

Specifically, Johnson argues that the instruction on manslaughter should have been allowed because there was a rational basis for a finding of extreme emotional disturbance for which he had a reasonable excuse to stab Officer Ester.

To support this argument, Johnson alleges that the actions of the ADC personnel and the living conditions at the facility provide sufficient evidence of a provocation that constituted a reasonable excuse for his actions. He relies on the following assertions: (1) the prison environment was very difficult, in particular "tensions inherent in hundreds of people involuntarily crammed together and deprived of all human autonomy are extreme"; (2) his prized possession was a pair of shoes that was falsely alleged to be contraband; and (3) inmates are faced with prison guards with violent and arrogant attitudes.

A party is entitled to a jury instruction when it is a correct statement of law and when there is some basis in the evidence to support giving the instruction. *Fincham v. State*, 2013 Ark. 204, 427 S.W.3d 643 (citing *Wilson v. State*, 364 Ark. 550, 222 S.W.3d 171 (2006)). A trial court is required to give a jury instruction if there is some evidence to support it. *Id.* In determining if the circuit court erred in refusing an instruction in a criminal trial, the test is whether the omission infects the entire trial such that the resulting conviction violates due process. *Id.* (citing *Gilcrease v. State*, 2009 Ark. 298, 318 S.W.3d 70; *Hickman v. State*, 372 Ark. 438, 277 S.W.3d 217 (2008); *Henderson v. State*, 349 Ark. 701, 80 S.W.3d 374 (2002)). It is reversible error to refuse to instruct on a lesser-included offense when there is even the slightest evidence to support the instruction. *Fincham* (citing *Boyle v. State*, 363 Ark. 356, 214

S.W.3d 250 (2005); *Flowers v. State*, 362 Ark. 193, 208 S.W.3d 113 (2005)). This court will not reverse a trial court's ruling on the submission of a lesser-included jury instruction absent an abuse of discretion. *Pollard v. State*, 2009 Ark. 434, 336 S.W.3d 866 (citing *Jackson v. State*, 375 Ark. 321, 290 S.W.3d 574 (2009)). We will affirm a trial court's decision to not give a lesser-included-offense instruction if there is not a rational basis for giving the instruction. *Id*.; *see also* Ark. Code Ann. § 5-1-110.

Manslaughter adds another element to first-degree and second-degree murder—the requirement that the defendant is acting under extreme emotional disturbance. *Fincham*, 2013 Ark. 204, 427 S.W.3d 643 (citing *Rainey v. State*, 310 Ark. 419, 837 S.W.2d 453 (1992)). A defendant is not entitled to an instruction on extreme-emotional-disturbance manslaughter unless there is a factual basis showing that the defendant killed the victim "in the moment following 'provocation in the form of physical fighting, a threat, or a brandished weapon.'" *Bankston v. State*, 361 Ark. 123, 129, 205 S.W.3d 138, 143 (2005) (quoting *Kail v. State*, 341 Ark. 89, 94, 14 S.W.3d 878, 880–81 (2000)).

The question here is whether there is a factual basis showing that Johnson caused Officer Ester's death while under the influence of extreme emotional disturbance and that there was a reasonable excuse for his actions. Johnson testified that while he did stab Officer Ester, the thought of her dying never crossed his mind. He said that there are "many psychological things" to deal with in the ADC. He stated that he knew it was not right to attack Officer Ester with a knife and that he should not have stabbed her. He also stated that the ADC could put him on death row or give him three more life sentences, but he still

would not change. There were times on the stand that Johnson said that he thought the trial was a waste of time.

We find no factual basis to show that Johnson killed Officer Ester in a moment following provocation. He argues that the provocation that caused him to kill Officer Ester was when she came to his barracks with Lieutenant Lane to confiscate his shoes. This "provocation" was not in the form of physical fighting, a threat, or a brandished weapon as described in *Bankston*, 361 Ark. at 129, 205 S.W.3d at 143. *See also Rainey v. State*, 310 Ark. 419, 837 S.W.2d 453 (1992); *Whittier v. State*, 84 Ark. App. 362, 141 S.W.3d 924 (2004).

Moreover, Johnson's own testimony partially contradicted his argument that he was provoked. Specifically, he stated that he had retrieved the "shank" from one of his hiding places after Officer Ester had gone to get Lieutenant Lane. This was before they attempted to confiscate Johnson's shoes. His argument that prison is stressful and that a reasonable person would do the same thing in his situation is not convincing. Johnson has not shown any rational basis to warrant an instruction of manslaughter; therefore, the circuit court did not abuse its discretion in denying Johnson's proffered jury instruction.

## II. *Disclosure of Information*

For his second point on appeal, Johnson argues that the circuit court erred by denying him access to evidence regarding general violence in the East Arkansas Regional Unit. At the pretrial hearing on this issue, his counsel argued that the evidence is relevant to show that the East Arkansas Regional Unit was an "out of control hell–hole," which demonstrates the type

SLIP OPINION

of environment that Johnson was exposed to at the time of the stabbing. Johnson argues that

the information was discoverable under Arkansas Rules of Criminal Procedure 17.3 and 17.4.

Rule 17.3 states as follows:

> (a) The prosecuting attorney shall use diligent, good faith efforts to obtain material in the possession of other governmental personnel which would be discoverable if in the possession or control of the prosecuting attorney, upon timely request and designation of material or information by defense counsel.

> (b) If the prosecuting attorney's efforts are unsuccessful, the court shall issue suitable subpoenas or orders to cause such material to be made available to defense counsel where the material or other governmental personnel are subject to the jurisdiction of the court.

Rule 17.4 involves discretionary disclosures:

> (a) The court in its discretion may require disclosure to defense counsel of other relevant material and information upon a showing of materiality to the preparation of the defense.

> (b) The court may deny disclosure authorized by this Article if it finds there is a substantial risk to any person of physical harm, intimidation, bribery, economic reprisal, or unnecessary annoyance or embarrassment, resulting from such disclosure, and that the risk outweighs any usefulness of the disclosure to defense counsel.

Rule 17.4(a) provides the court with discretion to require the disclosure of material once the

defendant shows that the material is relevant to the preparation of the defense. Johnson relies

on the holdings of *Lockett v. Ohio*, 438 U.S. 586 (1978), *Eddings v. Oklahoma*, 455 U.S. 104

(1982), and *Skipper v. South Carolina,* 476 U.S. 1 (1986), to support his argument that the

information he requested was relevant and material to the preparation of his defense.

The Eighth and Fourteenth Amendments require that the sentencer, in all but the

rarest kind of capital case, not be precluded from considering, as a mitigating factor, any aspect

of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death. *Lockett*, 438 U.S. 586. "[I]n capital cases the fundamental respect for humanity underlying the Eighth Amendment . . . requires consideration of the character and record of the individual offender and the circumstances of the particular offense as a constitutionally indispensable part of the process of inflicting the penalty of death." *Id.* at 604 (quoting *Woodson v. North Carolina*, 428 U.S. 280, 304 (1976)). The focus of mitigating circumstances is on the defendant and on the crime. *Id.* Nothing limits the traditional authority of a court to exclude, as irrelevant, evidence not bearing on the defendant's character, prior record, or the circumstances of his offense. *Id.* at 605 n.12. Equally clear is the corollary rule that the sentencer may not refuse to consider or be precluded from considering "any relevant mitigating evidence." *Skipper*, 476 U.S. at 4 (quoting *Eddings*, 455 U.S. at 114).

In *Lockett*, the United States Supreme Court reversed a death sentence because the Ohio statute at issue generally precluded consideration of the defendant's age and his minor role in the offense. In *Skipper*, the United States Supreme Court held that proffered testimony regarding the defendant's good behavior during the time he spent awaiting trial was relevant evidence in mitigation of punishment. In *Eddings*, the Court reversed a death sentence because the trial court had improperly precluded evidence of the defendant's unhappy childhood as mitigating evidence. These cases found that the information requested could be used as mitigating evidence because it was relevant to the defendant's character, record, or the offense.

In this case, the circuit court granted the following disclosures of information requested by Johnson:

1. Copies of all disciplinary allegations made against any inmate by the [victim], Officer Barbara Ester, from January 1, 2007, to January 20, 2012, and all documents relating to the eventual dispositions thereof;

2. All reports surrounding the January 20, 2012 incident involving the death of Officer Ester;

3. Copies of the Institutional file, including office of personnel file (OPF), training file, and background file for [Officer Ester and] all other officers who may testify in this case; and

4. All documents or electronically stored information regarding complaints of whatever kind made against [Officer Ester or] any officer who is a witness in matters regarding the death of Officer Ester, and Officer Ester herself.

The circuit court denied certain discovery requests because there was no showing that the evidence was relevant or material to Johnson or to the crime. The circuit court denied the following discovery requests:

1. Any reports, files, letters, memoranda, complaints, disciplinary reports, or information related to security problems involving the care and protection of inmates at EARU from January 1, 2007, to January 20, 2012;

2. Any reports, files, letters, memoranda, complaints, disciplinary reports, or information, in whatever form it may exist, related to allegations of criminal activity, false information, official misconduct or negligence by any ADC personnel including guards, administrators, and the contractors at EARU from January 1, 2007, to January 20, 2012;

3. All After Action Reviews for all incidents of group disturbance, homicide, assault, bribery of a correctional officer, indictment of a correctional officer, smuggling of contraband or violation of civil rights at EARU for each year from January 1, 2007, to January 20, 2012;

4.      Any reports, files, letters, memoranda, complaints, disciplinary reports, or information in whatever form it may exist, related to attacks on any inmate or inmates by any other inmate or inmates at EARU from January 1, 2007, to January 20, 2012;

5.      Any reports, files, letters, memoranda, complaints, disciplinary reports, or information related to any changes made regarding security as it relates to the care and protection of inmates at EARU from January 1, 2007, to January 20, 2012; and

6.      All information regarding the policies in effect at EARU on January 20, 2012, concerning the "planned response" of all employees at EARU on any emergency situation.

Johnson argues that this information that the circuit court denied was necessary to the preparation of his defense, including the penalty phase. As pointed out by the State in the hearing on the discovery issues, Johnson still has to "get over the first evidentiary barrier and that is relevance." In response, counsel for Johnson stated that the evidence was relevant to show that the circumstances at the facility "were so distressing and violent and troubling in terms of the conditions in incarceration that . . . it was necessary for Mr. Johnson to have a self-defense weapon."

Unlike in *Lockett*, *Skipper*, and *Eddings*, the discovery requested by Johnson is unrelated to the defendant's character, his record, or the circumstances of the offense. Rule 17.4 requires Johnson to show that the discovery requests were relevant and material to the preparation of his defense. At that point, it is in the circuit court's discretion to require disclosure. The decision to require disclosure is to be exercised on a case-by-case basis, subject to limited review on appeal. *See Hoggard v. State*, 277 Ark. 117, 640 S.W.2d 102 (1982), *cert. denied*, 460 U.S. 1022 (1983). We find that Johnson failed to meet the

requirements of Rule 17.4 and therefore hold that the circuit court did not abuse its discretion by denying disclosure.

### III. *Appellate Review Pursuant to Rule 4-3(i) and Rule 10*

The record in this case has been reviewed for reversible error pursuant to Arkansas Supreme Court Rule 4-3(i) (2015), and none has been found. In addition, we have conducted a mandatory review of the record as required by Rule 10(b) of the Arkansas Rules of Appellate Procedure–Criminal (2015):

> (i) pursuant to Rule 4–3(h) of the Rules of the Supreme Court and Ark. Code Ann. § 16-91-113(a), whether prejudicial error occurred;

> (ii) whether the trial court failed in its obligation to bring to the jury's attention a matter essential to its consideration of the death penalty;

> (iii) whether the trial judge committed prejudicial error about which the defense had no knowledge and therefore no opportunity to object;

> (iv) whether the trial court failed in its obligation to intervene without objection to correct a serious error by admonition or declaring a mistrial;

> (v) whether the trial court erred in failing to take notice of an evidentiary error that affected a substantial right of the defendant;

> (vi) whether the evidence supports the jury's finding of a statutory aggravating circumstance or circumstances; and

> (vii) whether the sentence of death was imposed under the influence of passion, prejudice, or any other arbitrary factor.

No reversible error was determined to exist under these factors.

Affirmed.

*Jeff Rosenzweig*; and *Daggett, Donovan and Perry*, by: *Joe R. Perry*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kristen C. Green*, Ass't Att'y Gen., *Brooke Jackson*, Ass't Att'y Gen., and *David R. Raupp*, Senior Ass't Att'y Gen., for appellee.