
SLIP OPINION

Cite as 2014 Ark. 303

# SUPREME COURT OF ARKANSAS

No. CR–13–914

| | | |
|---|---|---|
| KENDRICK HAMPTON | | **Opinion Delivered** June 26, 2014 |
| | APPELLANT | |
| V. | | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. CR–2011-396-1] |
| STATE OF ARKANSAS | | HONORABLE BERLIN C. JONES, |
| | APPELLEE | JUDGE |
| | | <u>AFFIRMED</u>. |

**PAUL E. DANIELSON, Associate Justice**

Appellant Kendrick Hampton appeals from the sentencing order of the Jefferson County Circuit Court reflecting his conviction for second-degree murder and his sentence to 600 months' imprisonment, with a 180-month enhancement to be served consecutively, plus a $15,000 fine. His sole assertion on appeal is that the circuit court erred when it used a modified version of then AMI Crim. 2d 301 and 302 to instruct the jury on lesser-included offenses after this court's decision in *Fincham v. State*, 2013 Ark. 204, 427 S.W.3d 643. We affirm Hampton's conviction and sentence.

Because Hampton does not challenge the sufficiency of the evidence against him, only a brief recitation of the facts is necessary. *See, e.g.*, *Fritts v. State*, 2013 Ark. 505, ___ S.W.3d ___. The record reflects that on August 13, 2011, officers of the Pine Bluff Police Department were called to 3605 S. Missouri Street, where they discovered a large amount of what appeared to be blood in the street. Officers learned from those at the residence that

Hampton and Reshelle Smith were missing. Latonya Gonder, Hampton's mother, who was not initially present, arrived at the residence and told officers that her son had called her and told her that he had shot Smith in the chest and side. In a subsequent phone call to Gonder, Hampton told her where Smith could be found. Gonder led police to 426 Bohannon Road, where officers did not find Hampton, but discovered Smith lying face down, dead from an apparent gunshot wound, in the back seat of a red Toyota Camry. A history of domestic violence between Hampton and Smith came to light, and Hampton was subsequently arrested and charged with capital murder.

At trial, the jury was instructed on capital murder, first-degree murder, second-degree murder, and manslaughter. After its deliberations, the jury found Hampton guilty of the lesser-included offense of second-degree murder and sentenced him to a total of 780 months' imprisonment, as already noted. He now appeals.

As his sole point on appeal, Hampton argues that the circuit court erred in its instruction of the jury on manslaughter when it modified the instructions to comport with this court's decision in *Fincham*, in which we held that AMI Crim. 2d 301 did not accurately state the law as to the offense of extreme-emotional-disturbance manslaughter. He avers that the instructions given to the jury in his case were erroneous because this court's decision in *Fincham* created "a new burden for the State, that is, to produce and prove that the murder was *not* manslaughter" and the instructions that were given failed to properly instruct the jury on the State's burden. (Emphasis in original.) He further contends that the circuit court's instructions failed to address a situation in which the jury might be divided on the question

SLIP OPINION

of manslaughter. He maintains that to comply with due process and the required unanimity of a verdict, a jury must be instructed to unanimously find that there was no extreme emotional disturbance or to return a verdict of manslaughter. Because such an instruction was not given to the jury in this case, he argues, the State was relieved of its responsibility to prove that he did not commit the crime of second-degree murder under the influence of extreme emotional disturbance.

The State responds, initially, that Hampton's argument regarding the State's burden is not preserved for this court's review because he did not specifically argue to the circuit court that the State had the burden of disproving the existence of an extreme emotional disturbance, much less that *Fincham* so held; it contends that Hampton merely argued that *Fincham* created a conflict as to who had the burden regarding an extreme emotional disturbance. It further contends that Hampton has not cited any authority to this court for his claims. As to Hampton's argument that the instructions were defective because they failed to address a situation in which the jury might be divided as to manslaughter, the State contends that Hampton's argument is not adequately developed. Alternatively, the State asserts, neither of Hampton's contentions has merit.

In *Fincham*, the appellant argued that the "'acquit first' jury instructions for lesser-included offenses prohibited the jury from considering whether he was guilty of manslaughter if they found him guilty of having committed either first-degree or second-degree murder." 2013 Ark. 204, at 3, 427 S.W.3d at 646. The jury in Fincham's trial had been instructed that if they had reasonable doubt of Fincham's guilt on the greater offense, it could find him guilty

only of the lesser offense. *See id.*; AMI Crim. 2d 301. It was further given the transitional instruction that if it had reasonable doubt as to Fincham's guilt on first-degree murder, it should then consider the charge of second-degree murder; likewise, if it had reasonable doubt of Fincham's guilt on second-degree murder, it was to then consider the charge of manslaughter. *See Fincham*, 2013 Ark. 204, 427 S.W.3d 643; AMI Crim. 2d 302. Fincham argued that these instructions were erroneous "because extreme-emotional-disturbance manslaughter is not a true lesser-included offense of murder—rather, the jury must find guilt as to murder to find a defendant guilty of manslaughter." *Fincham*, 2013 Ark. 204, at 3, 427 S.W.3d at 646. He contended that giving the two instructions prevented the jury from properly considering the offense of manslaughter. This court agreed with Fincham and concluded that AMI Crim. 2d 301 foreclosed the jury from considering extreme-emotional-disturbance manslaughter unless the jury had reasonable doubt on first-degree murder.[1] *See id.*

We explained that the use of the AMI Crim. 2d 301 instruction required the Fincham jury to "consider the greater offense first and move on to a lesser offense if the jury had reasonable doubt as to the greater offense." *Id.* at 7, 427 S.W.3d at 648. In other words, the jury had been instructed not to consider extreme-emotional-disturbance manslaughter *unless* it first found reasonable doubt on first-degree murder. *See id.* At the same time, Fincham could be found guilty of manslaughter only if the jury first found him guilty of murder. *See*

---

[1]A majority of this court acknowledged that Fincham had failed to specifically object to AMI Crim. 2d 302, but was satisfied that he had properly preserved his argument on AMI Crim. 2d 301. *See Fincham*, 2013 Ark. 204, 427 S.W.3d 643.

*id*. We observed that the Fincham jury had been placed in "an impossible scenario—it was instructed not to consider the offense of manslaughter unless it had reasonable doubt as to murder, but it was also instructed not to find guilt on manslaughter unless Fincham had committed a murder." *Id*. at 7, 427 S.W.3d at 648. Accordingly, this court held that AMI Crim. 2d 301 did not "accurately state the law" and that the Fincham jury "should have been instructed to consider manslaughter after it found Fincham guilty of murder." *Id*. at 8, 427 S.W.3d at 648.

Our decision in *Fincham* was delivered on May 16, 2013, and Hampton was tried on June 24–26, 2013. While we had urged the Committee on Criminal Jury Instructions to consider revising the instructions relating to lesser-included offenses so that juries could be properly instructed when considering the offense of extreme-emotional-disturbance manslaughter, those instructions were understandably not yet in place at the time of Hampton's trial. As we have previously observed, a circuit court should not use a nonmodel instruction unless it finds that the model instruction does not accurately reflect the law. *See, e.g.*, *Jester v. State*, 367 Ark. 249, 239 S.W.3d 484 (2006). Because we determined in *Fincham* that the instructions at issue did not accurately state the law with regard to the jury's consideration of extreme-emotional-disturbance manslaughter, the parties and the circuit court aptly engaged in the modification of the instructions in the instant case.[2]

This court will not reverse a circuit court's decision to give or reject an instruction

---

[2]We note that AMI Crim. 2d 301 and 302 have since been amended. *See Release 9, Arkansas Model Jury Instructions–Criminal* (2d ed. Apr. 2014).

5

SLIP OPINION

unless the court abused its discretion. *See Clark v. State*, 374 Ark. 292, 287 S.W.3d 567 (2008). At issue here are the following two instructions that were given to the jury in Hampton's case:

> Kendrick Hampton is charged with capital murder. This charge includes the lesser offenses of first-degree murder, second-degree murder and manslaughter.
> You may find Kendrick Hampton guilty of one of these offenses, or you may acquit him outright.
> If you have a reasonable doubt of the guilt of Kendrick Hampton on the greater offense, you may find him guilty only of the lesser offense. If you have a reasonable doubt as to his guilt of both offenses, you must find him not guilty.
> Manslaughter is contained in the charge of first-degree murder and second-degree murder. Should you find beyond a reasonable doubt that the State has proven either first-degree murder or second-degree murder, you should then consider whether that murder was committed under the influence of extreme emotional disturbance for which there is a reasonable excuse. If you find that the murder was committed under the influence of extreme emotional disturbance, then your verdict should be guilty of manslaughter.

> If you have a reasonable doubt of the defendant's guilt on the charge of capital murder, you will then consider the charges of murder in the first degree, murder in the second degree and manslaughter.

Hampton first argues that the instructions given by the circuit court inaccurately stated the law because they failed to instruct the jury on the new burden for the State that was established in *Fincham*—to produce and prove that the murder committed was not manslaughter. We agree, however, with the State that Hampton did not specifically argue to the circuit court that *Fincham* established a new burden for the State to prove that the murder was not manslaughter. Instead, Hampton's argument to the circuit court was that "[this case] has created a conflict of whether or not [the existence of an extreme emotional disturbance] is something that the defense has to prove or the State has to unprove or whether or not just raising it is enough to create a reasonable doubt." We have held that an appellant

SLIP OPINION

cannot change his grounds on appeal and is limited to the scope and nature of the objections presented at trial. *See Porter v. State*, 358 Ark. 403, 191 S.W.3d 531 (2004). This court, therefore, is precluded from addressing his argument.

Nor can we address Hampton's remaining contention that the instructions given failed to address a situation in which the jury might be split on the offense of manslaughter. First, our review of the instant record reveals nothing that would suggest that the jury in Hampton's case was divided on the offense of extreme-emotional-disturbance manslaughter. But in addition, the verdict forms contained in the record demonstrate that the jury found Hampton guilty of second-degree murder and not guilty of the other offenses of capital murder, first-degree murder, and manslaughter. Here, the jury was instructed by the circuit court that "[a]ll 12 of you must agree upon the verdict," and this court presumes that jurors follow the court's instructions. *See Kelly v. State*, 350 Ark. 238, 85 S.W.3d 893 (2002). Moreover, as the State correctly points out, we do not answer academic questions or issue advisory opinions. *See Johnson v. State*, 314 Ark. 471, 863 S.W.2d 305 (1993). Accordingly, we decline to address what we consider to be a hypothetical question posed by Hampton.

For the foregoing reasons, we affirm Hampton's conviction and sentence.

Affirmed.

BAKER and HART, JJ., concur.

**KAREN R. BAKER, Justice, concurring.** I write separately because I believe that Hampton did not change his argument on appeal as the majority suggests. However, because I would still affirm this case, I concur.

SLIP OPINION

Hampton's counsel stated at trial, "[this case] has created a conflict of whether or not [the existence of an extreme emotional disturbance] is something that the defense has to prove or the State has to unprove or whether or not raising it is enough to create a reasonable doubt." The majority holds that this objection was not the same as an argument under *Fincham v. State*, 2013 Ark. 204, 427 S.W.3d 643. In *Fincham*, we held that it was the State's burden to prove that a murder was not manslaughter. I do not see a distinction between the two arguments. Hampton's argument fully apprised the circuit court of the argument he makes on appeal.

I would still affirm the case, however, because I believe that the jury instruction given by the circuit court put the burden on the State to prove that the murder was not manslaughter. Therefore, I concur.

HART, J., joins in this concurrence.

*The Claiborne Ferguson Law Firm, P.A.*, by: *Claiborne Hambrick Ferguson*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.