SLIP OPINION

Cite as 2014 Ark. App. 470

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR–13–1113

| | |
|---|---|
| ROGER DALE PIERCE<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** September 17, 2014<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, GREENWOOD DISTRICT<br>[NO. MC–2013-7-G]<br><br>HONORABLE JAMES O. COX, JUDGE<br><br>AFFIRMED |

**RITA W. GRUBER, Judge**

A jury found Roger Dale Pierce guilty of driving while intoxicated, first offense, and he was sentenced to ten days in the county jail and a $500 fine. Appellant filed this appeal, alleging that the trial court abused its discretion by denying his motion for mistrial. We affirm appellant's conviction.

At trial, State Trooper Derek Nietert testified that he performed field-sobriety tests on appellant after stopping appellant's motorcycle at a sobriety checkpoint. Nietert testified that he smelled a strong odor of intoxicants on appellant and directed him to the shoulder of the road to perform the tests. Nietart said that he first conducted the horizontal-gaze nystagmus test and observed all six indications of nystagmus in appellant's eyes. Nietert then conducted the walk-and-turn test, which appellant also failed by stepping off the line, swaying, missing heel-to-toe, and using his arm for balance. Finally, Nietert conducted the

one-leg-stand test. He testified that appellant swayed and put his foot down to catch his balance, failing this test, too. Nietert arrested appellant and transferred him to a facility where a breathalyzer test was administered. The test result indicated that appellant registered .099.

Appellant's counsel objected to the test result's being shown to the jury and asked that Nietert only be allowed to refer to the result of .09. The circuit court ruled that Nietert could testify that the result was .09 but that, although the test result was probably prejudicial, the jury was entitled to see the test result. Nietert then testified that the result was .099. Appellant's counsel moved for a mistrial, which the trial court denied. The court did give a cautionary instruction to the jury to consider only "the first two numbers after the decimal point . . . a .09." Appellant renewed his motion for a mistrial after the State rested, which the trial court denied.

Appellant then testified that he had consumed three beers earlier that day, that he usually used a cane because of his arthritis, and that he wore dentures containing bonding pads that could affect a breathalyzer test. He testified that he felt that his skill and judgment that day were good enough to drive.

The jury found appellant guilty of driving while intoxicated or operating a motor vehicle with an alcohol concentration of .08 or more in his blood or breath. *See* Ark. Code Ann. § 5-65-103 (Repl. 2005). The jury recommended a sentence of ten days in the county jail and a fine of $500, which the court imposed. On appeal, appellant contends that the trial court erred in denying his motion for mistrial.

A mistrial is a drastic remedy that should be ordered only when there has been an

error so prejudicial that justice cannot be served by continuing with the trial or when fundamental fairness of the trial itself has been manifestly affected. *Harrison v. State*, 371 Ark. 652, 656, 269 S.W.3d 321, 324 (2007); *Barnes v. State*, 346 Ark. 91, 104, 55 S.W.3d 271, 280 (2001). A trial court has wide discretion in granting or denying a mistrial motion, and, absent an abuse of that discretion, the court's decision will not be disturbed on appeal. *Britton v. State*, 2014 Ark. 192, at 9–10, 433 S.W.3d 856, 862. An admonition to the jury usually cures a prejudicial statement unless it is so patently inflammatory that justice could not be served by continuing the trial. *Barnes*, 346 Ark. at 104, 55 S.W.3d at 280.

We hold that the trial court did not abuse its discretion in denying appellant's motion for mistrial because appellant has failed to demonstrate that admission of Nietert's testimony regarding the .099 test result was so prejudicial that justice could not be served by continuing the trial or that the fundamental fairness of the trial was affected. Before the test result was entered, Nietert testified that appellant had failed all three field-sobriety tests. Nietert also testified that, in his opinion, appellant was intoxicated. Appellant testified that he had consumed three beers earlier in the day. Moreover, the State needed to prove only that appellant's blood or breath-alcohol content exceeded .08. The amount .09 exceeds this requirement. Finally, the court gave a curative instruction to the jury. We presume that the jury follows the court's instructions. *Hampton v. State*, 2014 Ark. 303, at 7, ___ S.W.3d ___, ___. The trial court did not abuse its discretion. Accordingly, we affirm appellant's conviction.

Affirmed.

HARRISON and WOOD, JJ., agree.
*David L. Dunagin*, for appellant.
*Dustin McDaniel*, Att'y Gen., by: *Laura Shue*, Ass't Att'y Gen., for appellee.