SLIP OPINION



Cite as 2015 Ark. App. 53

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-14-484

| | |
|---|---|
| STANLEY RAY HUNT II | **Opinion Delivered** February 4, 2015 |
| APPELLANT | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. CR-2013-186] |
| V. | |
| | HONORABLE CHARLES E. CLAWSON, JR., JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | AFFIRMED |

## M. MICHAEL KINARD, Judge

Stanley Ray Hunt II appeals from his conviction at a jury trial of three counts of rape, for which he was sentenced to concurrent terms of forty years in the Arkansas Department of Correction. He contends that the trial court erred in admitting evidence that he fled from police when they sought to arrest him on the charges and erred in giving a nonmodel jury instruction stating that evidence of flight could be considered as circumstantial evidence corroborative of guilt. We affirm.

In May 2012, appellant's niece, N.H., told her school principal and vice-principal that appellant had been sexually assaulting her for a number of years. N.H. was fourteen years old at the time that she first reported the abuse, and she stated that it began some five years earlier, when she was in the fifth grade. Appellant admittedly was made aware of the victim's allegations almost immediately after they had first been made. Appellant was not arrested for the alleged rapes, however, until almost one year later, in April 2013. When police officers

finally located appellant and went to arrest him, he fled and escaped, eventually turning himself in a few days later. Prior to trial, appellant moved in limine to prohibit the State from introducing any evidence concerning his flight to avoid arrest. At the hearing, appellant's trial counsel argued that appellant's flight was irrelevant to the rape charges. He contended that flight to avoid arrest is simply immaterial in any way to one's guilt or innocence of any offense other than the crime of fleeing itself, something with which appellant was not charged. While at one point counsel made a passing reference to appellant's flight having occurred "almost a year after the victim" was first interviewed, he repeatedly argued that appellant's flight was probative of nothing more than that appellant did not want to be arrested for crimes that he had not committed. He insisted that flight is not probative of one's consciousness of guilt because "the state of mind of the defendant can only be known to him." At the end of the hearing, appellant's counsel also stated that appellant could have fled because of the possibility that the police would find drugs in the residence. The trial court denied appellant's motion in limine and permitted the State to introduce evidence of appellant's flight as being independently relevant to appellant's consciousness of guilt.

At trial, the State first presented evidence of the charged crimes through the testimony of the victim, school officials to whom she confided, and a pediatrician who examined the victim. The State then called Detective Melissa Smith of the Conway Police Department, who testified that the matter was first assigned to her on May 7, 2012. She began trying to contact appellant. Despite her efforts contacting other law enforcement and following several leads regarding where appellant might have been, the detective was unable to locate appellant

over the next nine months. In February 2013, a warrant for appellant's arrest on these charges was obtained. At that time, Officer Chris Derrick took over the search for appellant. The officer familiarized himself with the background information in the case, spoke to the investigators, questioned his contacts in the community, and spoke to appellant's family members and friends, including appellant's girlfriend and his mother, in an unsuccessful effort to locate appellant. On several occasions in February and March 2013, Officer Derrick discussed the case with appellant's girlfriend and mother in unsuccessful attempts to have them convince appellant to turn himself in to face the charges.

On April 11, 2013, Officer Derrick received a tip that appellant might be found at a particular address just outside the Conway city limits. After having an undercover investigator approach the residence and visually confirm that appellant was present, Officer Derrick enlisted the assistance of other police officers and members of the United States Marshals Service to go with him to the residence to arrest appellant. Over appellant's earlier relevancy objection, officers were allowed to testify that appellant ran out the back door as they approached the residence. They identified themselves as police officers and ordered appellant to stop, but he refused and escaped. Despite an intense search using additional officers, a helicopter, and police dogs, appellant could not be found. Appellant turned himself in four days later.

After the State rested its case, appellant testified in his own defense. He categorically denied having ever sexually abused the victim. He further testified, in response to his own attorney's questions on direct examination, that he had, indeed, fled and escaped when the

3

police came to arrest him on April 11. He maintained that he was unaware that he was being sought for the rape charges, insisting that he ran because his friend had been dealing drugs from the residence and that he (appellant) was afraid of being arrested for possession of a controlled substance. Appellant admitted, however, that no drugs were actually found in the house.

On appeal, appellant's new counsel first contends that the trial court erred in denying the motion in limine. Appellant has abandoned that part of the argument that he made below that evidence of flight is per se irrelevant to consciousness of guilt. Instead, he now argues that evidence of flight to avoid detection or arrest is inadmissible unless the State first shows the existence of a connection between the flight and the particular crime for which one is then being tried. Appellant maintains that a sufficient connection was not shown in this case. He specifically relies on (1) the eleven-month length of time between the original allegations by the victim and the date on which the authorities attempted to arrest him and he fled; (2) his position that he did not know at the time of his flight from police that there was a warrant for his arrest on the rape charges; and (3) his position that there were other reasons unrelated to the rape charges causing him to flee on the day in question, namely his fear that he would be arrested for the drugs present in the residence. To the extent that appellant's current argument was preserved for appeal by being made below, we find no reversible error.

Arkansas Rule of Evidence 404(b) prohibits introduction of evidence of other crimes, wrongs, or acts to prove the character of a person in order to show that he acted in conformity therewith. However, the rule expressly permits introduction of such evidence if



it is admissible for another purpose, including proof of intent, motive, or knowledge. The rule applies to evidence of prior and subsequent bad acts. *Anderson v. State*, 2009 Ark. App. 804; *Fitting v. State*, 94 Ark. App. 283, 229 S.W.3d 568 (2006). Moreover, the rule's list of permissible purposes for other–acts evidence is not exhaustive. It has long been the law, for example, that application of the rule permits proof of acts by the accused that constitute admissions by conduct designed to obstruct justice or avoid punishment for a crime. *See Kidd v. State*, 24 Ark. App. 55, 748 S.W.2d 38 (1988). Proof of such acts can "constitut[e] circumstantial evidence of consciousness of guilt and hence of the fact of guilt itself." *Id*. at 62, 748 S.W.2d at 41 (quoting E. Cleary, *McCormick on Evidence* § 271(c), at 803 (3rd ed. 1984)). Included in this class of acts are flight from the scene or from one's usual haunts after the crime, resisting arrest, and escapes or attempted escapes from confinement. *Kidd*, 24 Ark. App. at 62, 748 S.W.2d at 41. *See also Hayes v. State*, 2014 Ark. 104, 431 S.W.3d 882 (evidence of flight is admissible to show consciousness of guilt, even if the flight was not immediately after the alleged commission of the crime); *Eliott v. State*, 342 Ark. 237, 27 S.W.3d 432 (2000) (flight of a person charged with the commission of a crime has some evidentiary value on the question of his probable guilt); *Flowers v. State*, 342 Ark. 45, 25 S.W.3d 422 (2000) (evidence of flight to avoid arrest may be considered by the jury as corroborative of guilt); *Murphy v. State*, 255 Ark. 90, 498 S.W.2d 884 (1973) (evidence of flight, even if it does not immediately follow a crime, is generally admissible as a circumstance to be considered in determining guilt).

Evidence offered under Rule 404(b) must be independently relevant, thus having a tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. *Turner v. State*, 2009 Ark. App. 822. On appeal, we accord the trial judge wide discretion in balancing the conflicting interests to determine whether the probative value of such evidence is substantially outweighed by the danger of unfair prejudice. *Bragg v. State*, 328 Ark. 613, 946 S.W.2d 654 (1997). We will not disturb the trial court's decision to admit or reject evidence submitted under Rule 404(b) absent a showing of manifest abuse of discretion. *Bond v. State*, 2011 Ark. App. 429. Abuse of discretion is a high threshold that does not simply require error in the trial court's decision but requires that the trial court have acted improvidently, thoughtlessly, or without due consideration. *Dixon v. State*, 2011 Ark. 450, 385 S.W.3d 164.

From our review, we cannot conclude that the trial court erred in determining that a sufficient showing was made that evidence of appellant's flight was independently relevant to his consciousness of guilt. While it is true that almost a year had passed since the victim's allegations against appellant first came to light, appellant cites nothing for the proposition that the amount of time that passes before flight is determinative of admissibility. Here, there was also evidence that Conway police had been actively seeking to contact appellant to investigate the rape charges since the case was first turned over to the police department. The search for appellant included considerable contact with various members of the community. When the warrant for appellant's arrest on the rape charges was issued in mid–February 2013, just weeks before the failed arrest attempt, the search intensified, and police held multiple discussions

about the case with some of appellant's close friends and family in an effort to get appellant to turn himself in. Considering appellant's knowledge of the victim's allegations against him almost immediately after they had first been made; the continual, active, and unsuccessful search for appellant throughout the ensuing eleven-month period; the issuance of a warrant for appellant's arrest for the rapes relatively close in time to the arrest attempt and his accompanying flight; and the knowledge of appellant's close friends and family that he was still being sought in connection with this case, we conclude that one could reasonably infer that appellant knew that he was wanted by the police for the alleged rapes and that he fled to avoid being arrested for them. Under the circumstances of this case, appellant's insistence that he was unaware of the rape charges and his claim instead that he ran simply because he was afraid of potential drug charges do not render the evidence of flight inadmissible; rather, his own version of why he fled was a matter of weight and credibility for the jury. *See Cooper v. State*, 317 Ark. 485, 879 S.W.2d 405 (1994); *Killcrease v. State*, 310 Ark. 392, 836 S.W.2d 380 (1992). We find no abuse of discretion by the trial court.

Appellant next contends that the trial court erred when it instructed the jury that "[e]vidence that the defendant fled to avoid arrest or detection by the police may be considered by you in your deliberations as circumstantial evidence corroborative of the guilt of the defendant." He argues that, when evidence of flight is introduced as circumstantial evidence of a separate, charged crime, the jury must be told how to use the evidence. He contends that the instruction given was insufficient because it did not contain sufficient cautionary language. Specifically, he argues that the court should have spelled out more

7

particularly that guilt could not be presumed from evidence of flight alone and that the jury was entitled to disregard the proof of flight altogether given the existence of reasons to flee other than to avoid capture for the crimes charged. We find no reversible error.

First, we agree with the State that this issue largely was not preserved for appeal. At trial, appellant objected to the State's proposed instruction and argued that no instruction should be given on the subject. He took issue with the court's decision to give any instruction on the subject since Arkansas has never adopted a model instruction addressing it. An appellant cannot change his grounds on appeal but is limited to the scope and nature of the objections presented at trial. *Hampton v. State*, 2014 Ark. 303, 437 S.W.3d 689.

To the extent that appellant argued both at trial and on appeal that the instruction given somehow shifted the burden of proof to appellant to disprove guilt, we disagree. The instruction plainly used the word "may" and left for the jury the decision whether to attach any weight to the evidence of flight.

Affirmed.

GRUBER and BROWN, JJ., agree.

*Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., and *Hannah Wood*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission tot he Bar of the Supreme Court under the supervision of *Darnisa Evans Johnson*, Deputy Att'y Gen., for appellee.