
SLIP OPINION

Cite as 2016 Ark. 57

# SUPREME COURT OF ARKANSAS

**No.** CR–15–793

| | | |
|---|---|---|
| STANLEY L. HUNT II | | **Opinion Delivered** February 11, 2016 |
| | APPELLANT | |
| V. | | PRO SE MOTIONS FOR EXTENSION OF TIME TO FILE APPELLANT'S BRIEF [FAULKNER COUNTY CIRCUIT COURT, NO. 23CR-13-186] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE CHARLES E. CLAWSON, JR., JUDGE |
| | | APPEAL DISMISSED; MOTIONS MOOT. |

**PER CURIAM**

A Faulkner County jury found appellant Stanley L. Hunt II guilty of three counts of rape and sentenced him to an aggregate term of 480 months' imprisonment in the Arkansas Department of Correction. The Arkansas Court of Appeals affirmed the judgment. *Hunt v. State*, 2015 Ark. App. 53, 454 S.W.3d 771. On May 19, 2015, Hunt filed in the trial court a petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2015). On the same day, he also filed a petition that sought relief through a writ of error coram nobis or, alternatively, a writ of habeas corpus. The trial court denied both petitions in a single order entered on June 19, 2015. Hunt lodged an appeal in this court, and he filed two motions seeking an extension of time in which to file his brief. Since filing the motions, Hunt has tendered his brief. We dismiss the appeal, and the motions are therefore moot.

When it is clear from the record that the appellant cannot prevail if an appeal of an order that denied postconviction relief was permitted to go forward, we dismiss the appeal. *Wheeler v. State*, 2015 Ark. 233, 463 S.W.3d 678 (per curiam); *see also Justus v. State*, 2012 Ark. 91. Here, it is clear from the record that the trial court correctly did not grant relief under either of the petitions, and Hunt cannot prevail on appeal.

Hunt filed his Rule 37.1 petition sixty-one days after the court of appeals issued its mandate in his direct appeal on March 19, 2015. If a petitioner under Rule 37 appealed the judgment of conviction, a verified petition for postconviction relief must be filed in the circuit court within sixty days of the date the mandate was issued in accord with Arkansas Rule of Criminal Procedure 37.2(c)(ii) (2014). *Barrow v. State*, 2012 Ark. 197. The time requirements are mandatory, and when a petition under Rule 37.1 is not timely filed, a trial court shall not grant postconviction relief.[1] *See Joslin v. State*, 2015 Ark. 328 (per curiam); *see also Engram v. State*, 2013 Ark. 424, 430 S.W.3d 82.

The trial court also correctly declined to grant relief on Hunt's second petition. A prisoner who appealed his judgment and who wishes to attack his conviction by means of a petition for writ of error coram nobis must first request this court to reinvest jurisdiction in the trial court. *Noble v. State*, 2015 Ark. 141, 460 S.W.3d 774. Where the record for the underlying proceedings remains in this court, leave from this court is required before the

---

[1]Although the trial court reached the merits of Hunt's ineffective assistance claims, this court may affirm the denial of postconviction relief, even though the denial was for the wrong reason. *Neely v. McCastlain*, 2009 Ark. 189, 306 S.W.3d 424.

circuit court may consider a petition for the writ. *Id*. This court had not granted leave for the circuit court to consider an error-coram-nobis petition.

As for Hunt's claim that he was entitled to habeas relief, the petition was not filed in the county where Hunt is incarcerated. Any petition for writ of habeas corpus to effect the release of a prisoner is properly addressed to the circuit court in the county in which the prisoner is held in custody if the prisoner is incarcerated within this state, unless the petition is filed under Act 1780 of 2001 Acts of Arkansas, codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2006). *Williams v. State*, 2015 Ark. 448, ___ S.W.3d ___ (per curiam).

Hunt's petition for the writ reflected that he was incarcerated in Lincoln County. Hunt did not bring his petition under Act 1780. The Faulkner County Circuit Court was therefore required to dismiss the petition because it did not have authority to effect Hunt's release from custody. *See id*. Because the court lacked authority to grant relief under either of Hunt's petitions, he cannot prevail on appeal.

Appeal dismissed; motions moot.