Josephine Linker Hart, Justice, concurring in part and dissenting in part. I concur with the majority’s conclusion that the Stone heirs had no interest in the property and that the Stone heirs did not have standing to argue any issues relating to the enforcement of the charitable trust. I respectfully dissent, however, from, the majority’s decision to nevertheless address the arguments raised by the Stone heirs challenging the circuit court’s decision to quiet title. In a procedurally similar case, Arkansas Annual Conference of the AME Church, Inc. v. New Direction Praise & Worship Ctr., Inc., 375 Ark. 428, 291 S.W.3d 562 (2009), a plaintiff sought to quiet title in certain real property and to eject the defendant from the property. This court ruled that because the defendant “had no right, title, or interest in the real property at issue,” the defendant lacked standing to challenge the circuit Jjgcourt’s decision relating to the validity of conveyance of the property to the plaintiff, and the court declined to address its arguments. Id. at 488, 291 S.W.3d at 569. Similarly, the Stone heirs had no right, title, or interest at stake. Thus, the majority need not address the remaining arguments raised by the Stone heirs challenging title to the property. The majority’s rulings on the issues are nothing more than dicta and in effect advisory. We do not answer academic questions or issue advisory opinions. Hampton v. State, 2014 Ark. 303, at 7, 437 S.W.3d 689, 693. The case relied on by the majority to support its decision to address the merits of the arguments, Arkansas State Highway Commission v. Perrin, 240 Ark. 302, 399 S.W.2d 287 (1966), stands for the proposition that a party may appeal from a county court to a circuit court a decision requiring it to pay damages. Thus, the case is not on point. Moreover, the majority’s analysis of the quiet-title issue is wrong for two reasons. First, the majority holds that Washington Regional Medical Center (WRMC) made a prima facie case of quieting title because a 2011 quitclaim deed showed that WRMC acquired fee-simple title to the property from the City of Fayetteville (City).[2] The 1909 deed, however, conveyed the reverter interest to be held in trust by the City. Because the City held only a reverter interest, the City could not have granted fee-simple title to WRMC. Jj^Second, the majority asserts that WRMC had adversely possessed the property since 2011. Arkansas Code Annotated section 18-60-506 (Repl. 2015) provides, “If the petitioner cannot show a perfect claim of title to any particular tract or tracts of land, it shall be held to constitute a prima facie title if the petitioner shall show that: (1) The petitioner and those under whom he or she claims, have had color of title to the land for more than seven (7) years; and (2) During that time the petitioner or those under whom he or she claims, have continuously paid the taxes thereon.” WRMC has not had color of title for seven years. Furthermore, WRMC cannot add to its adverse-possession claim any time that the City claimed title because the City as a trustee cannot hold adversely to the grantor or to the beneficiaries. Culberhouse v. Shirey, 42 Ark. 25, 28 (1883). Baker, J., joins. . A quitclaim deed is a “deed that conveys a grantor’s complete interest or claim in certain real property but that neither warrants nor professes that the title is valid.” Deed, Black’s Law Dictionary (10th ed. 2014). The definition further notes that a quitclaim deed purports to convey only the grantor's present interest in the land, if any, rather than the land itself.