Cite as 2020 Ark. 102

# SUPREME COURT OF ARKANSAS

No. CR-19-500

| | | |
|---|---|---|
| | | **Opinion Delivered:** March 5, 2020 |
| CHAD KITCHELL | | |
| | APPELLANT | |
| | | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CR-92-228] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE GRISHAM PHILLIPS, JUDGE |
| | | |
| | | <u>REVERSED AND REMANDED</u>. |

**COURTNEY RAE HUDSON, Associate Justice**

Appellant Chad Kitchell appeals from the life sentence imposed by a Saline County jury after his original life-without-parole sentence was vacated due to *Miller v. Alabama*, 567 U.S. 460 (2012), and a resentencing hearing was held. For reversal, Kitchell argues the circuit court erred by allowing the jury to be informed of his prior sentence. We agree and reverse and remand for a new sentencing hearing.

In November 1992, Kitchell entered a negotiated plea of guilty to the capital murder of twelve-year-old Robin Richardson and the attempted capital murder of her mother, Hazel Richardson, during the robbery of the Mount Olive Grocery store on June 1, 1991. He was sentenced to life without the possibility of parole for the capital murder,

plus thirty years' imprisonment for the attempted murder. Kitchell was seventeen years old at the time of the crimes.

In *Miller v. Alabama*, *supra*, the Supreme Court held that the Eighth Amendment forbids a mandatory sentence of life without parole for a juvenile offender and that a juvenile facing a life-without-parole sentence is entitled to a sentencing hearing at which a judge or jury may consider the individual characteristics of the defendant and the circumstances of the crime. In *Jackson v. Norris*, 2013 Ark. 175, 426 S.W.3d 906, this court decided a companion case to *Miller* on remand from the Supreme Court. We granted habeas relief and remanded to the circuit court for a sentencing hearing where Jackson could present *Miller* evidence for consideration. *Id.* We further held that Jackson's sentence must fall within the statutory discretionary sentencing range for a Class Y felony, which is ten to forty years, or life. *Id.* Subsequent to *Jackson*, we held in *Kelley v. Gordon*, 2015 Ark. 277, 465 S.W.3d 842, that *Miller* was to be applied retroactively to other cases on collateral review.[1]

Relying on the above precedent, Kitchell filed a petition for a writ of habeas corpus in the Jefferson County Circuit Court. The circuit court granted the petition on June 8,

---

[1]In *Montgomery v. Louisiana*, ___ U.S. ___, 136 S. Ct. 718 (2016), the Supreme Court confirmed that its decision in *Miller* must be given retroactive effect and indicated that states could remedy *Miller* violations by extending parole eligibility to juvenile offenders serving unconstitutional sentences.

2016, and vacated Kitchell's sentence for capital murder. Kitchell's case was remanded to the Saline County Circuit Court for resentencing.[2]

The resentencing trial was held on November 13-14, 2018. In a pretrial hearing, Kitchell requested that the circuit court not allow the jury to be informed that the proceeding was for resentencing or that he had previously received a life sentence for the capital murder. Kitchell asserted that this evidence was not relevant because it did not advance any material issue in the case. He further argued that it was more unfairly prejudicial than probative under Arkansas Rule of Evidence 403. He claimed that it would signal to the jury "that at some point he thought life was an appropriate sentence" and "that they should sentence him in accordance with that once again."

The prosecutor responded that this information was "definitely probative" with respect to the victim-impact evidence that would be presented. According to the prosecutor, the murder victim's family would testify that they had experienced an extreme amount of anguish knowing that Kitchell would no longer be serving a life-without-parole sentence and that they had to undergo the stress of a resentencing trial.

---

[2]On March 20, 2017, the Arkansas General Assembly passed Act 539, the Fair Sentencing of Minors Act ("FSMA"). The FSMA eliminated life without parole as a sentencing option for juvenile offenders and extended parole eligibility to juvenile offenders serving a life sentence. Act 539 of 2017, §§ 3, 6, 13 (codified at Ark. Code Ann. §§ 5-4-104(b), 5-10-101(c), 16-93-621(a)(2)(B) (Supp. 2019)). However, in *Harris v. State*, 2018 Ark. 179, 547 S.W.3d 64, we held that the FSMA's penalty provisions did not apply retroactively and that defendants such as Kitchell, whose sentences had been vacated prior to the Act's passage, were still entitled to a resentencing hearing and a discretionary sentencing range of ten to forty years, or life.

The circuit court agreed with the prosecutor, stating that "in the spirit of being open with the jury and truthful with the jury I think they're gonna question why we are here on a 26-year-old case doing something again with it and I think they should be told the truth. And I think they're capable of handling the truth." The court granted Kitchell's request for a continuing objection to any reference to resentencing or his previous life-without-parole sentence.

After further discussion about what the jury should be told regarding the procedural history and the vacated sentence, Kitchell emphasized the prejudice that would result to him from the victim-impact testimony about reopening the case. The prosecutor indicated she was concerned that the jury would not understand that a life sentence remained a sentencing option. The circuit court indicated that the rules of evidence were relaxed in the sentencing phase of the trial and stated that it would at least inform the jury that Kitchell had received a sentence that did not allow for the possibility of parole and that "[t]he United States Supreme Court has determined that that type of sentence is unconstitutional and that is why we're here today." The court noted that the jury would still understand from these statements that he had previously received a life sentence.

At the start of the jury-selection process, the circuit court informed potential jurors that

> [t]his is a 1992 case. It is a case in which the Defendant, Mr. Kitchell, pled guilty to capital murder. As a result of the United States Supreme Court making a decision that a person under the age of 18 has to be sentenced in a way that he or she is eligible for parole, we are here today for resentencing. This is not a trial. It is a resentencing.

4

In addition, the State referenced Kitchell's previous sentence in its opening statement:

> Up until this time the Richardsons have had the satisfaction of knowing that Chad Kitchell would serve a life sentence without benefit of parole. Just recently the supreme court has said that a juvenile, someone under the age of 18, or 17, sentenced to a mandatory life term with no parole must have a jury reconsider their sentence and determine whether or not a life sentence is appropriate.

The victim's family also testified as to how the procedural history of the case had adversely impacted them. Latrisha Barnett, the victim's sister, stated that she had struggled with posttraumatic stress disorder, agoraphobia, and depression since the murder. She stated that her condition eventually began to improve until Kitchell's life-without-parole sentence was vacated. Barnett testified that she had felt some comfort in the fact that "justice was served and this was something that we can move on and heal from and just pick up the pieces and live." She indicated that it was difficult to go through the resentencing process and that her mental condition had again deteriorated. Robert Richardson, the victim's father, also testified. He stated that he had derived some satisfaction from the fact that Kitchell had been sentenced to life without parole and that it was stressful after the Supreme Court's ruling to be "reliving it just like it just happened again."

During closing argument, the State referred to this testimony by the victim's family, stating that "[t]his family has been safe and secure in the knowledge that [Kitchell] was life without parole. Now, the law's changed and they're now faced with a 30-year sentence being the maximum he can get." The State argued that the toll the process had taken on

the family was "grueling" and that it was "almost cruel what they have to do to seek justice to make sure that their child did not lose her life in vain and that they do everything they can to make sure her killer is punished . . . ."

After deliberation, the jury sentenced Kitchell to life, which will render him eligible for parole after thirty years under the new parole provisions of the FSMA. *See* Ark. Code Ann. § 16-93-621(a)(2)(A) (Supp. 2019). The amended sentencing order was entered on November 27, 2018, and Kitchell timely appealed.

On appeal, Kitchell argues that the circuit court erred by permitting the jury to be informed that he was previously sentenced to life imprisonment without parole.[3] He contends that this evidence should have been excluded under Arkansas Rule of Evidence 403 and that he is entitled to a new sentencing hearing.

Arkansas Rule of Evidence 401 (2019) provides that all relevant evidence is admissible, except as otherwise provided by statute or rule, and evidence that is not relevant is not admissible. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Ark. R. Evid. 402. Pursuant to Rule 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the

---

[3]Although Kitchell also argued to the circuit court that there should be no reference to the fact that it was a resentencing hearing, he has abandoned this argument on appeal. *See, e.g., Price v. State*, 2019 Ark. 323, 588 S.W.3d 1 (stating that arguments raised below but not on appeal are considered abandoned).

jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Ark. R. Evid. 403.

The admission or rejection of evidence, as well as the balancing test mandated by Rule 403, is a matter within the sound discretion of the circuit court. *Lard v. State*, 2014 Ark. 1, 431 S.W.3d 249. We will not reverse absent a showing of a manifest abuse of discretion, as well as a demonstration of prejudice by the appellant. *Collins v. State*, 2019 Ark. 110, 571 S.W.3d 469. An abuse of discretion is a high threshold that does not simply require error in the circuit court's decision but also requires that the circuit court act improvidently, thoughtlessly, or without due consideration. *Id.* We have held that an abuse of discretion may be established when the circuit court erroneously interprets or applies the law. *Lowery v. State*, 2019 Ark. 332, 586 S.W.3d 644.

While the rules of evidence still apply during the sentencing phase of a trial, certain evidence is relevant and admissible during sentencing that would not be admissible during the penalty phase of the trial. *Shrek v. State*, 2017 Ark. 39, 510 S.W.3d 750. Evidence relevant to sentencing may include prior convictions of the defendant, victim-impact evidence or statements, relevant character evidence, and evidence of aggravating and mitigating circumstances. Ark. Code Ann. § 16-97-103 (Repl. 2016).

Kitchell argues that evidence of his prior sentence had no probative value and did not advance any determination needed to be made by the jury. He further asserts that the danger of unfair prejudice from this information was profound. Thus, Kitchell contends that the evidence should have been excluded under Rule 403.

We agree. Evidence of Kitchell's original life-without-parole sentence was not relevant to the jury's decision in this case, which was to determine the appropriate punishment in light of the circumstances of the crime and Kitchell's individual characteristics. While the circuit court ruled that this information was admissible for the purpose of being "open and truthful" with the jury, this is not a proper basis on which to admit evidence under either our rules of evidence or section 16-97-103. Further, the State's assertion that this was relevant victim-impact evidence is also incorrect. Arkansas Code Annotated section 16-90-1112(a)(1) (Supp. 2019) provides that the victim shall be permitted to present a victim-impact statement "concerning the effects of the crime on the victim, the circumstances surrounding the crime, and the manner in which the crime was perpetrated." Evidence regarding the effect on the victim's family from a previous sentence that has later been overturned does not fit within any of these categories.

We have reversed a defendant's sentence when improper victim-impact was admitted. In *Miller v. State*, 2010 Ark. 1, 362 S.W.3d 264, we held that reversible error had occurred when the circuit court allowed two of the victim's family members to tell the jury that they believed the appropriate punishment for the crimes was death. We noted that this evidence was irrelevant to the jury's decision on punishment. *Id.* In addition, in *Walls v. State*, 336 Ark. 490, 986 S.W.2d 397 (1999), this court reversed and remanded for resentencing because evidence of another crime was erroneously admitted as victim-impact evidence; we held that the evidence was clearly not relevant and was unduly prejudicial. *See*

8

*also Rush v. State*, 324 Ark. 147, 919 S.W.2d 933 (1996) (reversing and remanding for resentencing where prior victim of crime was allowed to testify).

While we have no cases directly on point—where the jury was advised of the defendant's earlier vacated sentence—Kitchell cites two cases from other jurisdictions in which this was found to be reversible error. In *People v. Woolley*, 793 N.E.2d 519 (Ill. 2002), the Supreme Court of Illinois reversed and remanded for resentencing after the jury was informed that the defendant had previously been sentenced to death before the sentence was later overturned on appeal. The *Woolley* court stated that this evidence was prejudicial, inflammatory, and had no relevance to the question before the jury. *Id.* In addition, the court stated that this evidence might serve to diminish the jury's sense of responsibility. *Id.* The court rejected the trial court's rationale for communicating this information, which was to be "intellectually honest" with the jury. *Id.* at 525. Similarly, in *Hammond v. State*, 776 So.2d 884 (Ala. Crim. App. 1998), the Alabama Court of Criminal Appeals held that the prosecution erroneously commented on the defendant's previous death sentence. The court noted that it could not be certain whether this knowledge improperly influenced the jury's ultimate decision, and it reversed and remanded for a new sentencing hearing. *Id.*

The State contends that admission of evidence about Kitchell's prior life-without-parole sentence was not unfairly prejudicial under Arkansas Rule of Evidence 403 because defense counsel was able to voir dire the jurors regarding the previous sentence, the jury was instructed that opening statements and closing arguments are not evidence, the transcript of Kitchell's guilty-plea hearing was altered to remove the reference to his

9

original sentence, the jury instructions did not mention the prior sentence, and only two out of three members of the victim's family discussed the impact of Kitchell's vacated sentence. We disagree with the State's argument. This evidence had no probative value and was inherently prejudicial. The danger of unfair prejudice was not only that the jury could have a diminished sense of responsibility, as noted in both *Woolley* and *Hammond*, but also that it might improperly consider the procedural history of the case in determining the appropriate punishment. This is particularly true given the victim's family's testimony as to the adverse effect that the overturning of Kitchell's sentence and the resentencing trial had on them. Further, we have held that a defendant may demonstrate prejudice from the imposition of the maximum sentence. *See, e.g., Buckley v. State*, 341 Ark. 864, 20 S.W.3d 331 (2000) (holding that where the jury used improperly admitted evidence during sentencing to impose the maximum punishment of two life sentences, prejudice was demonstrated). Thus, we hold that the circuit court abused its discretion in not excluding this evidence pursuant to Rule 403.

The State also argues that, even if the circuit court erred by admitting this evidence, any error was harmless. We may declare an evidentiary error harmless if the evidence supporting the jury's decision is overwhelming and the error is slight. *Collins v. State, supra*. The State contends that the jury's choice of a life sentence was predictable and reasonable given the testimony admitted during the sentencing trial regarding the horrific nature of the crimes. According to the State, "the key factor in the jury's choice of a life sentence was ensuring Kitchell's lifetime supervision, not any 'signal' from the mention of his prior life-

without-parole sentence under previous law that was no longer available as a choice on resentencing."

Because we cannot determine that the admission of this evidence did not affect the jury's determination of the appropriate sentence, we reject the State's harmless-error argument. While there was certainly evidence presented to support the State's position that a life sentence should be imposed, Kitchell also introduced mitigating evidence in support of his claim that a lesser sentence was warranted. As this court stated in *Miller, supra,* "[I]t is a practical impossibility for us on appellate review to judge the impact on the jury's decision" given the improper evidence admitted in this case. *Id.* at 36, 362 S.W.3d at 286. We are mindful of how difficult another resentencing hearing will be for the victim's family; however, the introduction of evidence during a sentencing trial must be governed by our rules of admissibility and exclusion for the proceeding to pass constitutional muster. *Buckley v. State, supra.* Accordingly, we reverse and remand for a new sentencing trial.

Reversed and remanded.

WOMACK, J., dissents.

SHAWN A. WOMACK, Justice, dissenting. I disagree with the majority's decision to reverse and remand this case for another resentencing hearing. I believe the admission of Kitchell's prior sentence was not sufficiently prejudicial to warrant a new hearing. I would affirm.

The issue before this court is a novel one--whether a criminal defendant in a non-death case is unfairly prejudiced when, during the sentencing phase, the jury is advised of

the defendant's previously vacated sentence. The majority concedes there are no Arkansas cases directly on point for this issue, yet, nevertheless, concludes that evidence of Kitchell's prior sentence lacked any probative value and was inherently prejudicial. In reaching this conclusion, the majority reasons that by hearing evidence of a prior sentence, the jury could have a diminished sense of responsibility in resentencing Kitchell, thereby creating a danger of unfair prejudice.

In the absence of any case law directly on point, the Supreme Court's decision in *Romano v. Oklahoma*, 512 U.S. 1 (1994), is instructive here. There, the defendant maintained that the admission of evidence regarding his prior death sentence undermined a second jury's sense of responsibility for determining the appropriateness of the death penalty. *Id.* at 3. In affirming the judgment of the Oklahoma Court of Criminal Appeals, the Court held that the admission of the defendant's prior sentence during the sentencing phase of a subsequent capital murder trial did not affirmatively mislead the jury regarding its role in the sentencing process. *Id.* at 10. The mere admission of irrelevant and prejudicial evidence did not require the overturning of the defendant's death sentence. *Id.* at 11. Although *Romano* dealt with the admission of a death sentence in an unrelated case, the holding is equally applicable where the prior sentence was for the same offense because the critical inquiry is whether the jury was misled in its sentencing role. *Muniz v. Johnson*, 132 F.3d 214 (5th Cir. 1998); *Ruiz v. Norris*, 868 F. Supp. 1471 (E.D. Ark. 1994).

At Kitchell's resentencing hearing, despite being informed of the vacated sentence, the jury was not misled regarding its role in the process. Throughout the proceeding, it was

12

impressed upon the jury the necessity to consider the full range of penalties in light of Kitchell's age at the time of the commission of the underlying offense.

The majority rejects the State's harmless-error argument because it cannot determine the impact the admission of evidence had on the jury's ability to reach an appropriate sentence. This court, however, presumes that jurors follow the circuit court's instructions. *E.g.*, *Hampton v. State*, 2014 Ark. 303, 437 S.W.3d 689. The circuit court's instructions did not provide the jurors the means by which to give effect to the evidence of Kitchell's vacated sentence, and therefore, this admission should have had little or no effect on their deliberations. *See Romano*, *supra* at 13. In addressing the impact of irrelevant evidence on a jury's deliberations, the *Romano* Court observed:

> Even assuming that the jury disregarded the trial court's instructions and allowed the evidence of petitioner's prior death sentence to influence its decision, it is impossible to know how this evidence might have affected the jury. It seems equally plausible that the evidence could have made the jurors more inclined to impose a death sentence, or it could have made them less inclined to do so. Either conclusion necessarily rests upon one's intuition. To hold on the basis of this record that the admission of evidence relating to petitioner's sentence in the Thompson case rendered petitioner's sentencing proceeding for the Sarfaty murder fundamentally unfair would thus be an exercise in speculation, rather than reasoned judgment.

*Id.* at 13–14. Likewise, speculation by this court on the weight afforded by the jury to improperly admitted evidence should not serve as the basis for reversal in this case.

Arkansas law provides for a bifurcated procedure in criminal trials, with guilt and sentence being determined by the jury in separate and distinct phases. *Buckley v. State*, 349 Ark. 53, 76 S.W.3d 825 (2002). While the rules of evidence still apply, this court has

13

acknowledged that our evidentiary standards are more relaxed during the sentencing phase. *See* Ark. Code Ann. § 16-97-103 (Repl. 2016); *see also Brown v. State*, 2010 Ark. 420, 378 S.W.3d 66. With consideration of these relaxed standards, it is my view that under a harmless-error analysis, any prejudice Kitchell suffered upon the jury learning of his previous sentence was slight. The jury was aware he had been convicted of capital murder and attempted capital murder and had been imprisoned for nearly thirty years––jurors could have easily inferred on their own that Kitchell had been originally sentenced to life without parole. Because the jury was made aware of its role in the proceeding, and the circuit court's instructions did not allow jurors to give effect to the prior sentence, I conclude that any attending prejudice does not rise to the level necessitating yet another hearing.

I respectfully dissent.

*Short Law Firm*, by:  *Lee D. Short*, for appellant.

*Leslie Rutledge*, Att'y Gen., by:  *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.